ARK. STATE HIGHWAY COMMISSION *v.* BOLLINGER.

5-1892                                           327 S. W. 2d 381

Opinion Delivered September 21, 1959.

*W. R. Thrasher* and *Ed H. Boyett,* for appellant.

*Dale L. Bumpers* and *Mark E. Woolsey,* for appellee.

ED. F. McFADDIN, Associate Justice. By this appeal appellant challenges the correctness of the Chancery Court decree which awarded appellees, Bollinger and wife, the $2,500.00 which appellant had deposited in the Chancery Court under the terms of a chancery decree of April 30, 1957.

This is the second appearance of this case in this Court. *Bollinger v. Arkansas State Highway Commission,* 229 Ark. 53, 315 S. W. 2d 889 (hereinafter referred to as the "first case"), contains a detailed recital of the facts, which briefly were: that in 1927 the County Court of Franklin County made an order widening the highway, but the right-of-way was never cleared insofar as concerns the property of the appellees. These lands remained under fence and there was no action taken by the County or the State to remove the fences and obstructions; and the same situation continued to exist over the years. In December 1956 the Arkansas State High-

way Commission filed the "first case" in the Franklin Chancery Court, seeking a mandatory injunction to require the Bollingers (present appellees) to remove the obstructions from the right-of-way, as had been designated in the 1927 court order. The Bollingers claimed that the 1927 order was void for reasons as discussed in our opinion in the first case.

The Chancery Court held—in the first case—that the 1927 County Court order was valid, and that the County would be liable for Bollingers' damages for the lands taken.[1] The decree entered by the Chancery Court in the first case stated:

"(4) The Court further finds that while said Court Order of December 19, 1927 included and embraced the particular lands in question, that is that part of Defendants' lands upon which are now located said pump island, gasoline pumps and sign, and was a valid condemnation of said particular lands for highway purposes, the Highway Commission has not heretofore taken actual physical possession of that particular part of Defendants' lands and has not actually used same for highway purposes. . . .

". . . The Court further finds that this $2,500.00 deposit is to be held in such a state of deposit as a cash bond to guarantee payment of these Defendants' damages, if any, occasioned by this mandatory decree if such damages, if any, are not paid after being ascertained in the proper manner and as provided by law. . . .

"The Court further retains jurisdiction of said cause for such other orders as may be necessary."

---

[1] The Chancellor said, as copied in our first opinion: " 'We have several Supreme Court decisions, all holding that when the county condemns land, the county is liable for the damages. The land mark case is *Arkansas State Highway Commission* v. *Palmer*, 222 Ark. 603, 261 S.W. 2d 772. * * * It seems to me in a case like this one where the county condemns the land and the property owner is suffering damages and didn't get around to doing anything about it until this late date, that the county would be the party that might be liable for the damages. * * * So, as I see it, the thing to do here—the practical approach—is to enter this injunction . . . and allow Mr. Bollinger to file a claim against the county. If the county does not allow his claim, he can bring it up in the Circuit Court and have a jury trial. * * *' "

The Arkansas Highway Commission did not cross appeal from the Chancery decree in the first case: rather, the Commission acquiesced in the decree and deposited the $2,500.00 in the registry of the Court under the above recited conditions. The Bollingers appealed in the first case, contending, *inter alia,* that the 1927 order was indefinite and void. We denied that contention, and thus concluded the first case.

In keeping with the Chancery decree of April 30, 1957, the Bollingers filed claim with the County Court and the claim was allowed by the County Court of Franklin County on May 4, 1958 in the sum of $3,241.00; but the County Court found:

"The court further finds, however, that while said claim is just and correct and that no part thereof has been previously paid, same cannot be paid by the county for the reason that the county does not have funds available with which to pay said claim, or any part thereof, under Amendment No. 10 to the Constitution to the State of Arkansas and that the payment of said claim, or any part thereof, would be in excess of the revenues of Franklin County for the present fiscal year."

The County Court[2] then remitted the Bollingers to their relief in the Chancery Court. We come now to the present case. The Bollingers filed the County Court orders in the Franklin Chancery Court and asked that they receive the $2,500.00 in the registry of the Court. The Arkansas State Highway Commission resisted, and asked that the $2,500.00 be returned to the Highway Commission. Under date of December 8, 1958 the Franklin

---

[2]The County Court order said in part: ". . . the Chancery Court of Franklin County, Arkansas, Charleston District thereof, in its decree . . . required that said Arkansas State Highway Commission deposit in the registry of said Chancery Court of Franklin County, Arkansas, Charleston District thereof, the sum of $2,500.00 to be held as a cash bond to guarantee payment of the damages which the defendants, John Bollinger and Gladys Bollinger, who are claimants herein, might sustain by reason of the mandatory injunction granted by said chancery court, after such damages had been ascertained in the proper manner and as provided by law. That said sum of $2,500.00 is now held by the clerk of the Chancery Court of Franklin County, Arkansas, Charleston District thereof, and is a fund available for the payment of claimants' damages as found by this court . . ."

Chancery Court entered a decree awarding the $2,500.00 to the Bollingers, saying:

"That the purpose of said deposit was as security to protect the defendants in event it should later be found by the county court or by the circuit court on appeal that they had been damaged by reason of the taking of their lands for highway purposes and by reason of being required to remove said encroachments from the right-of-way.

"That pursuant to said decree, said deposit was made by the plaintiff; and defendants have complied with said original decree.

"That on appeal to the Supreme Court by the defendants, said cause was affirmed without modification and that same is now the law of this case.

"That the county court has found that defendants were damaged in the amount of $3,241.00, that same constitutes a just claim against Franklin County; but that the county does not have funds sufficient to pay said amount, and that the only funds available are the deposit of $2,500.00, which claim has been duly allowed by the County Court of Franklin County in that amount and in open Court defendants waive any damages in excess of $2,500.00; that in conformity with the original decree of this Court, which was affirmed by the Supreme Court and has now become the law of the case, defendants have established in the manner provided by law their claim for damages in the amount of $2,500.00; that Franklin County does not have funds with which to pay said claim; and that the fund now on deposit in the registry of this court should be paid to the defendants."

We conclude that the Chancery Court was correct. The Bollingers filed their claim in the County Court and obtained an award of damages, as hereinbefore recited. The County stated that it was without funds to pay the award. The condition of the deposit of the $2,500.00 in the Chancery Court in the first case, was:

"That the mandatory injunction will become effective on the date that plaintiff shall place and deposit in

the registry of the Chancery Court of the Charleston District the sum of $2,500.00 . . . to be held in such a state of deposit as a cash bond to guarantee payment of these defendants' damages, if any, occasioned by this mandatory decree, if such damages, if any, are not paid after being ascertained in the proper manner and as provided by law.''

This was not an ordinary injunction bond, but it was on a specific condition. If the Highway Commission had been dissatisfied with the condition it should have cross appealed in the first case. Instead, it agreed, and made the deposit; and cannot now be heard—after having lulled the Bollingers into a feeling of security—to say that their claim is barred. If the Highway Commission was dissatisfied with the allowance of the Bollinger claim in the County Court, the Commission should have resisted the claim by appeal to the Circuit Court. The Commission cannot now indirectly attack the County Court allowance.

We therefore conclude that the Chancery decree should be, and is, hereby affirmed.