ST. PAUL INS. CO. and Therapy Institute *v*. Florence
Cortroneo DeSOTA

CA 89-242                                              782 S.W.2d 374

Court of Appeals of Arkansas
Division I
Opinion delivered January 10, 1990

*Anderson & Kilpatrick*, by: *Randy P. Murphy*, for appellant.

*Whetstone and Whetstone*, by: *Gary Davis*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case was employed as a housekeeper by the appellant Central Arkansas Radiation Therapy Institute from March 1985 to February 1987. She injured her right shoulder while attempting to move a vending machine on March 27, 1985. On May 16, 1986, she sustained a chemical burn to her foot when she spilled some floor wax stripping solution. In June 1987 she was treated for an abdominal infection which required surgery. After a hearing on her claim for workers' compensation benefits stemming from the abdominal infection, the administrative law judge found that her abdominal infection was not causally related to her foot injury. However, in an opinion filed March 28, 1989, the Workers' Compensation Commission reached a different conclusion, finding that a causal relationship did exist between the appellee's abdominal infection and foot injury. The Commission did not award benefits, but instead remanded the case to the

administrative law judge for a determination of the extent of benefits to which the appellee would be entitled. From that decision comes this appeal. We dismiss.

 To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Samuels Hide & Metal Co. v. Griffin,* 23 Ark. App. 3, 739 S.W.2d 698 (1987). An order which is remanded to the administrative law judge for the taking of additional evidence and which does not award compensation or monetary benefits is not a final order. *Baldor Electric Co. v. Jones,* 29 Ark. App. 80, 777 S.W.2d 586 (1989). As in *Baldor Electric Co., supra,* the Commission in the case at bar made findings only with respect to the issue of causation without determining questions relating to the amount and duration of compensation, such as healing period, disability, or reasonable medical expenses. Because the order appealed from is not final and appealable, we dismiss on our own motion. *See id.*

Dismissed.

JENNINGS and ROGERS, JJ., agree.