Tommy STAFFORD *v.* DIAMOND CONSTRUCTION CO., Et Al.

CA 90-153                                             793 S.W.2d 109

Court of Appeals of Arkansas
Opinion delivered June 27, 1990

*Steve Festinger*, for appellant.

*Robert L. Henry III* and *Walter A. Murray*, for appellees.

PER CURIAM. The appellant in this workers' compensation case petitioned the Workers' Compensation Commission for a change of physician. The petition was granted and a new physician was appointed by the administrative law judge (ALJ). Apparently dissatisfied with the ALJ's choice of physician, the appellant appealed to the full Commission contending that he never agreed to the procedure by which the new physician was selected by the ALJ. The Commission found that the appellant's counsel had agreed to the procedure and that the new physician had been properly selected, and the Commission affirmed the ALJ's decision. From that decision, the appellant brought this appeal. However, the appellees have filed a motion to dismiss the appeal, asserting that the order appealed from is not a final, appealable order. We agree, and we dismiss.

■■ An order of the Workers' Compensation Commission is ordinarily reviewable only at the point where it awards or denies compensation; interlocutory decisions and decisions on incidental matters are not reviewable for lack of finality. *Mid-State Construction* v. *Sealy*, 26 Ark. App. 186, 761 S.W.2d 951 (1988). Here, the appellant obtained the relief he sought before the Commission, i.e., a change of physician, and we consider the dispute concerning the method by which the new physician was selected to be interlocutory and incidental in nature. Without expressing an opinion on the finality or appealability of an order denying a change of physician, we hold that, on these facts, the order granting a change of physician is not appealable by the petitioning party at this time. Therefore, we grant the appellees' motion and dismiss this appeal. The appellant's motion to supplement the record is mooted by this dismissal.

Dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I dissent from today's per curiam opinion holding that a decision of the Workers' Compensation Commission granting a change of physicians is not an appealable order.

First, I point out that both the claimant and one of the employer's insurance carriers think that "this court should hold that an Order granting a change of physicians is an appealable

Order." In addition, the full Commission found that the appeal from the Administrative Law Judge's order changing claimant's physician was an appealable order.

In order to get the issue determined in this court, one of the employer's insurance carriers has filed a motion to dismiss the appeal but states in its motion as follows:

> Respondent No. 2 submits the better rule of law and the better interpretation of the law is to permit the appeal of an Order granting a change of physicians. To do otherwise would allow a claimant in a compensation case to obtain an Order from an Administrative Law Judge granting a change of physicians over the objection of respondents, embark upon and receive an extensive course of medical care, and respondents would never be able to obtain any review of the Order until a final appealable Order was subsequently entered into in the case long after the medical care had been rendered to claimant. This sequence of events would occur even though the entry of the Order granting change of physicians may have been clearly erroneous.

On the other hand, from the claimant's standpoint it is not hard to imagine a situation where the claimant needs the treatment of an expert physician to save the claimant's life. Assume that for some reason the Commission in good faith but with bad judgment decides that the claimant should not be permitted to change to the expert physician and that is not an appealable order. Assume further that the matter comes to this court on appeal after the general practitioner has allowed the claimant a 10% permanent partial disability and we, two years after the Commission refused to allow a change of physicians, decide the Commission was wrong. Assume also that we are right, the Commission was wrong, and the expert says it is too bad but you should have seen me two years ago.

Surely the liberal construction that everyone agrees the Compensation Act should receive in order to accomplish its humanitarian objectives should not be defeated by a narrow and technical devotion to the cant that an order of the Commission "is ordinarily reviewable only at the point where it awards or denies

compensation." In fact, this very court has announced that "a better definition of a final, appealable order in workers' compensation cases" is that "to be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it." *See Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989).

Thus, in the present case, the Commission has granted a change of physicians. That order has been put into execution and the claimant has now been given a new doctor. He wants to appeal that decision. Under the definition of an appealable order in *Gina Marie Farms* the claimant is entitled to appeal the Commissioner's order at this time and I would allow him to do so.

The per curiam of the majority worries about the merits of the appeal the claimant wishes to pursue; it thinks he asked for a change of physician which was granted; now he should not get to appeal that change just because he is dissatisfied with the new doctor. I, however, would decide the merits of the matter after the appeal is before us — not before it gets here.