TEC and Commercial Union Insurance Companies *v.* Patsy FALKNER

CA 91-211                                          827 S.W.2d 661

Court of Appeals of Arkansas
En Banc
Opinion delivered April 1, 1992
[Rehearing denied July 8, 1992.]

*Daily, West, Core, Coffman, & Canfield*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellants.

*Bethell, Callaway, Robertson, & Beasley*, by: *John R. Beasley*, for appellee.

GEORGE K. CRACRAFT, Judge. TEC appeals from an order of the Arkansas Workers' Compensation Commission and advances several arguments. We dismiss the appeal because we conclude that the order appealed from is not final and appealable.

Arkansas Code Annotated § 11-9-711(b)(2) (1987) provides that appeals from the Commission to this court shall be allowed as in other civil actions. For an order to be appealable, it must be final. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *American Mutual Insurance Co.* v. *Argonaut Insurance Co.*, 33 Ark. App. 82, 801 S.W.2d 55 (1991); *Samuels Hide and Metal Company* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987). Ordinarily an order of the Commission is reviewable only at the point where it awards or denies compensation; interlocutory decisions and decisions on incidental matters are not reviewable for lack of finality. *Stafford* v. *Diamond Construction Co.*, 31 Ark. App. 215, 793 S.W.2d 109 (1990); *Mid-State Construction Company* v. *Sealy*, 26 Ark.

App. 186, 761 S.W.2d 951 (1988); *Hernandez v. Simmons Industries*, 25 Ark. App. 25, 752 S.W.2d 45 (1988).

The record before us reflects that appellee sustained a compensable injury in March 1989. Appellee did not select a physician, but was seen by eight physicians in several specialized fields of medicine. According to the Commission's findings, the treatment had not appeared to resolve appellee's difficulties, and the medical providers were not able to agree upon a diagnosis of the etiology of her difficulties, the need for future medical treatment, the type of treatment needed, if any, or the degree of any permanent partial disability she may have suffered as a result of her injuries.

Appellee filed a petition requesting that she be given an independent medical evaluation, and that her permanent partial disability be determined. At the hearing, she withdrew the request for an independent evaluation and substituted a petition in which she requested a change of physicians to Dr. Douglas Parker. By agreement of the parties, the issues to be litigated were limited to (1) the extent of any permanent disability that appellee may have suffered, (2) appellee's entitlement to a change of physicians to Dr. Parker, and (3) attorneys' fees.

Arkansas Statutes Annotated § 11-9-514(a)(1) (1987) provides in pertinent part as follows:

> If the employer selects a physician, the claimant may petition the commission one (1) time only for a change of physician, and if the commission approves the change, with or without a hearing, the commission shall determine the second physician and shall not be found by recommendations of claimant or respondent. However, if the change desired by the claimant is to a chiropractic physician, the claimant may make the change by giving advance written notification to the employer or carrier.

In his opinion, which the Commission adopted as its own, the administrative law judge stated:

> After considering all of the evidence presented, it is my opinion that the [appellee] is entitled to a change of physicians under A.C.A. § 11-9-514, *however*, the unusual fact situation in this case makes it difficult for me to

determine what type of specialist I should select or provide the [appellee] with any future reasonable and necessary treatment for her compensable injury. . . .

Although the [appellee] has withdrawn her request for a medical evaluation, this Commission is vested by statute with discretionary authority to require such an examination or evaluation not only at the request of one or more of the parties, but also on its own motion. It is my opinion that such an evaluation or examination is not only advisable, but is necessary, to determine the area of specialty or expertise of the physician who is *to be* selected by me to provide the [appellee] with further treatment for the compensable injury, *if any such treatment is necessary.* [Emphasis added].

The administrative law judge directed that appellee undergo an evaluation by Dr. Marcia Hixson for her opinion as to (1) the type of medical specialist most likely to be qualified to provide appellee with any further reasonable and necessary medical treatment, if any, and (2) whether appellee had achieved maximum healing and, if so, the extent of her anatomical impairment, if any. *See* Ark. Code Ann. §§ 11-9-207(a)(1) and 11-9-508(a) (1987). The administrative law judge concluded as follows:

8.  The [appellee] is entitled to a change of physicians pursuant to A.C.A. § 11-9-514, *however, a selection of the appropriate physician* to provide [appellee] with any further reasonable and necessary medical treatment for the compensable injury, *if such is required,* is *reserved* pending receipt of the evaluation of the [appellee] by Dr. Hixson.

9.  The issue of the existence and extent of permanent disability resulting from the compensable injury, attributable to both anatomical impairment and functional disability, is *reserved for further determination* following the ordered evaluation by Dr. Marcia Hixson and pending receipt of her findings. [Emphasis added].

Neither appellee's petition for a change of physicians nor the extent of her permanent disability was finally determined. They were reserved for further action by the Commission upon

the receipt of the report of Dr. Hixson. As such, the Commission's order was interlocutory in nature, and the Commission's directions that appellant pay Dr. Hixson a fee for the evaluation and pay appellee an attorney's fee for the change of physicians yet to be determined were merely incidental thereto.

Dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. This is another chapter in the continuing saga of the search for the appealable order in workers' compensation cases. The need for an agreement upon what constitutes a final, appealable order in these cases becomes clearly evident upon a reading of the majority, concurring, and dissenting opinions in *Hampton and Crain* v. *Black*, 34 Ark. App. 77, 806 S.W.2d 21 (1991). That confusion reigns is demonstrated by the fact that each of those opinions rely, to some extent, on the case of *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989). However, like the blind men examining the elephant, each opinion exhibits a different concept of the matter examined.

The concept of the majority in the instant case is especially at variance with *Gina Marie Farms* which recognized the appealability of an order which ends a "separable branch" of the litigation. In the instant case, a number of issues were presented to the administrative law judge. One issue was whether the appellee should have a change of physicians. The law judge thought the appellee needed a change and it was the judge's duty to choose a new physician. Since he did not know which one to choose, he thought it "not only advisable but necessary" to have appellee evaluated by a doctor who could tell the law judge the "area of specialty or expertise of the physician" that the law judge should approve for further treatment, if necessary, of the claimant. I cannot understand why the law judge's order, affirmed by the Commission, directing appellee to undergo such an evaluation did not end a separable branch of the litigation and was not appealable. See my dissenting opinion in *Stafford* v. *Diamond Construction Co.*, 31 Ark. App. 215, 793 S.W.2d 109 (1990).

I dissent from the majority decision dismissing this appeal.