Joseph Houston WALDRIP, Jr. and Welma Waldrip *v.*
Randy L. DAVIS

CA 92-466                      842 S.W.2d 49

Court of Appeals of Arkansas
Division I
Opinion delivered November 12, 1992

*Gary Vinson*, for appellant.

*Jeffrey E. Hance*, for appellee.

JUDITH ROGERS, Judge. This is a step-parent adoption case. Welma Waldrip, appellant, and Randy L. Davis, appellee, were divorced in late 1987. In the divorce, Welma was awarded custody of their two sons, and appellee was ordered to pay $200 a month in child support. Welma married appellant, Joseph Houston Waldrip, Jr., in August of 1988. In September of 1991, a petition was filed for adoption of the boys by Mr. Waldrip. In this petition, appellants alleged that appellee's consent to the adoption was unnecessary because he had failed significantly and without justifiable cause to provide for the support of the children.

The hearing was held on December 16, 1991. At the

conclusion of the hearing, the probate judge made the dual findings that appellants had not shown by clear and convincing evidence that appellee had failed to support the children, and that the adoption was not in the best interests of the children. In this appeal, appellants argue that the trial court erred in finding that they had not met their burden of proving that appellee had failed to support the children. For reasons discussed herein, we dismiss the appeal.

Arkansas Code Annotated § 9-9-207(a)(2) (1987) provides that:

> (a) Consent to adoption is not required of:

> (2) A parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree.

However, the mere fact that a parent has forfeited his right to have his consent to an adoption required does not mean that the adoption must be granted. The court must further find from clear and convincing evidence that the adoption is in the best interest of the child. *Manuel* v. *McCorkle*, 24 Ark. App. 92, 749 S.W.2d 341 (1988).

It is the appellants' sole contention on appeal that appellee's consent to the adoption was unnecessary because for a period of one year he failed significantly and without justifiable cause to support the children, and that the probate court's finding to the contrary was clearly erroneous. Appellants do not challenge, however, the court's finding that the adoption was not in the children's best interest, and they openly recognize that by not contesting that ruling any determination upon review of the court's alternate finding concerning appellee's purported failure of support will not alter the ultimate decision of the probate court in this case, the denial of the petition for adoption. Nevertheless, appellants urge us to reach the merits of their argument by contending that our decision might have an impact on a future claim for back child support or might affect a future adoption proceeding. We cannot accept appellants' invitation to address their argument.

 As a general rule, no appeal lies from findings of fact, conclusions of law, or "mere rulings." *Holsum Shipley Baking Co.* v. *Terwilliger*, 36 Ark. App. 221, 819 S.W.2d 303 (1991). To make a determination on this issue in this situation would be tantamount to issuing an advisory opinion, which courts are prohibited from doing. *See Kunz* v. *Jarnigan*, 25 Ark. App. 221, 756 S.W.2d 913 (1988). Moreover, it is our duty to decide actual controversies. *Killiam* v. *Texas Oil & Gas Corp.*, 303 Ark. 547, 798 S.W.2d 419 (1990). Since the resolution of appellants' issue would have no effect on the instant case and since we do not issue advisory opinions, we dismiss the appeal. *See Beatty* v. *Clinton*, 299 Ark. 547, 772 S.W.2d 619 (1989); *Huckaby* v. *Cargill, Inc.*, 20 Ark. App. 164, 725 S.W.2d 856 (1987).

Dismissed.

JENNINGS and DANIELSON, JJ., agree.