ROGERS, J., joins in this dissent.

James Roy ROGERS v. WOOD MANUFACTURING

CA 93-395                                        877 S.W.2d 43

Court of Appeals of Arkansas
En.Banc
Opinion delivered May 25, 1994

*Frederick S. "Rick" Spencer*, for appellant.

*Bassett Law Firm,* by: *Tod C. Bassett,* for appellee.

JOHN E. JENNINGS, Chief Judge. James Roy Rogers sustained an admittedly compensable injury on October 1, 1987, while attempting to move a boat. He had sustained a previous back injury while working for another employer in 1981, which resulted in a laminectomy.

An administrative law judge held a hearing in August 1991. The primary issue at that hearing centered on a dispute between the employer's insurance carrier and the Second Injury Fund as to which incident was the cause of the claimant's current condition. In an opinion dated October 14, 1991, the law judge made the following specific findings:

> 4. Claimant's present lumbar dysfunction is attributable to the aggravation or new injury sustained on or about October 1, 1987.
>
> 5. Claimant is entitled to an award of benefits for medical care provided and to be provided by Dr. Schoedinger for his back condition.

In an opinion dated March 6, 1992, the Commission affirmed and adopted the opinion of the ALJ. On June 11, 1992, the law judge entered an "Interim Order and Opinion." That order stated:

> I have Mr. Bassett's June 9, 1992 letter with which he enclosed a copy of Mr. Spencer's June 5, 1992 letter and Mr. Bassett's June 9, 1992 letter to Dr. Schoedinger.
>
> I have reviewed my October 14, 1991 order and opinion as well as my May 1, 1991 letter, the April 22, 1991 order setting this case for a hearing, and the August 31, 1990 letter referred to in Mr. Bassett's June 9 correspondence.

It appears that for reasons I do not now recall I did, in Finding 5, award benefits for past and future medical care by Dr. Schoedinger. This was a mistake on my part for, as indicated by Mr. Bassett in his June 9 letter, I indicated at pages 17-18 of the transcript an intent to defer making decisions on mileage and pre-authorization treatment by Dr. Schoedinger. Apparently, my oversight was not pointed out to the Commission on appeal, and the Commission failed to discover it on its own.

Therefore, while I'm puzzled about why I awarded medical benefits for past, as well as future, medical care by Dr. Schoedinger — I can only assume that this was an oversight —the October 14, 1991 order does appear to do this. Of course, I cannot speak for the Commission, which might place a different interpretation on Finding No. 5, as affirmed in its March 6, 1991 order, and find that it did not intend to rule on an issue not drawn in issue at the hearing.

IT IS SO ORDERED.

This order was appealed by both the claimant and the employer's insurance carrier. After noting that the record in the case indicated that the administrative law judge had expressly deferred consideration of the question of whether some of Dr. Schoedinger's treatment was unauthorized, the full Commission stated:

In summary, we find that the respondents' request for clarification of our March 6, 1992, decision should be granted in light of the dispute that has arisen. In that decision, we found that the claimant was entitled to an award of benefits for *authorized* medical care provided and to be provided by Dr. Schoedinger for his back condition. We did not find that the claimant was entitled to an award of benefits for all medical care provided by Dr. Schoedinger in the past. Any consideration of the claimant's entitlement to medical care provided by Dr. Schoedinger which the respondents contend was unauthorized was expressly deferred at the first hearing, and that issue remains unresolved. Consequently, we remand this claim to the Administrative Law Judge so that any unresolved matters may be settled.

On appeal to this court, appellant raises one point for reversal: "The Commission erred and was without jurisdiction when it modified a clear and unambiguous finding which had become final and res judicata after the issue was previously affirmed by the full Commission and was not appealed to this court."

We conclude that the Commission's order is not final and appealable. In *American Mut. Ins. Co.* v. *Argonaut Ins. Co.*, 33 Ark. App. 82, 801 S.W.2d 55 (1991), we said:

> As a general rule, orders of remand are not final and appealable; ordinarily, an order is reviewable only at the point where it awards or denies compensation. For an order to be appealable, it must be a final one. To be final, the order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter of the controversy.
>
> It also has been stated that appealable orders of the Commission are not limited to those that make a final disposition of an entire case. However, we have held that the test for determining whether an order of the Workers' Compensation Commission is appealable is whether it puts the Commission's directive into execution, ending the litigation or a separable part of it. An order that establishes a party's right to recover but remands for a determination of the amount of that recovery ordinarily is not an appealable one. [Citations omitted.]

The issue is one that we are obliged to raise on our motion because it goes to our own jurisdiction. *See Hampton & Crain* v. *Black*, 34 Ark. App. 77, 806 S.W.2d 21 (1991). In the case at bar the order appealed from is an order of remand which neither awards nor denies compensation. We conclude that it is a decision on an incidental matter that is not reviewable because of its lack of finality. *See Stafford* v. *Diamond Constr. Co.*, 31 Ark. App. 215, 793 S.W.2d 109 (1990).

Appeal dismissed.

MAYFIELD and COOPER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I would not dismiss this appeal but would reach the merits. On the merits, I would reverse.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the result reached by the majority opinion in this case because it dismisses the appeal but leaves the controversy pending without any guidance as to how it can be resolved.

The problem started when the administrative law judge entered an order dated October 14, 1991, in which his finding number "5" stated, "Claimant is entitled to an award of benefits for medical care provided and to be provided by Dr. Schoedinger for his back condition." There was an appeal from the law judge's order and the order (including finding "5") was affirmed by the full Commission on March 6, 1992.

On June 9, 1992, the attorney for the employer's workers' compensation carrier wrote a letter to the law judge asking for a "clarification" of the law judge's finding number "5". The law judge then issued an opinion that the finding was a mistake on his part as he had intended to "defer making decision on mileage and pre-authorization treatment by Dr. Schoedinger."

This opinion was appealed to the full Commission and by majority vote the Commission in a opinion entered February 26, 1993, held that the law judge had no jurisdiction to act on the matter because the law judge's original order had been appealed to the Commission and it was, therefore, the Commission's order which the insurance carrier wanted clarified. However, the Commission treated the carrier's letter to the law judge as a request for clarification by the Commission and held that the record was clear that it was only the "authorized" medical care provided and to be provided that the law judge had intended to cover in finding "5." Therefore, the Commission remanded the matter to the law judge for the determination of any "unresolved matters" as to this issue.

The claimant appealed to this court and argued that the doctrine of *res judicata* prevented the Commission from changing the order it had previously entered affirming the law judge's original order of October 14, 1991. This court has today held that the Commission's order is not final and therefore is not appealable. Thus, we have dismissed the appeal and have left the parties, the law judge, and probably the full Commission without any guidance on how to resolve the problem which is still pending.

In the first place, there is one view that we can take that would make it unnecessary to send this case back to the law judge — and that is the result the appellant asks that we reach. In *State v. Hatton*, 315 Ark. 583, 868 S.W.2d 492 (1994), the State argued that a juvenile division judge erred in refusing to accept the case after the circuit court transferred it to juvenile court. Our supreme court dismissed the State's appeal (thus ending the controversy as to which trial court should try the case) on the holding that the State had failed to file a notice of appeal within the proper time after the juvenile court had first held that the case should be tried in circuit court. Thus, in the instant case it could be held that the appellant should have timely appealed from that part of the law judge's order here involved, made on October 14, 1991, instead of waiting until June 9, 1992, to write the law judge asking for a "clarification" of the law judge's order of October 14, 1991. *See also Arkansas State Highway Commission v. Bollinger*, 230 Ark. 877, 327 S.W.2d 381 (1959). Indeed, I find it highly unusual that such a request would be made or acted upon, even by an administrative agency, in face of the well-established rule that courts do not issue advisory opinions. *See Waldrip v. Davis*, 40 Ark. App. 25, 842 S.W.2d 49 (1992). Moreover, we have held that under the Workers' Compensation Act neither an administrative law judge nor the full Commission has the power or authority to reconsider a decision after the time to appeal that decision has run — except in the specific situations provided by the Act (which are not applicable here). *See Lloyd v. Potlach Corporation*, 19 Ark. App. 335, 342, 721 S.W.2d 670, 674-75, (1986).

In the second place, even if we think that a more relaxed view should now be taken, as is the case in administrative agencies other than the Workers' Compensation Commission, *see McCarty v. Board of Trustees*, 45 Ark. App. 102, 872 S.W.2d 74 (1994), we should affirm the Workers' Compensation Commission, rather than dismiss the appeal, and let it — and everyone — know what our current view is. As the matter stands, the dismissal of this appeal simply leaves this case hanging and all concerned confused.

I dissent.