Rex ROWELL *v.* CURT BEAN LUMBER COMPANY

CA 00–884                                        40 S.W.3d 344

Court of Appeals of Arkansas
Division II
Opinion delivered April 4, 2001

*Lane, Muse, Arman & Pullen,* by: *Shannon Muse Carroll,* for appellant.

*Murray Law Firm,* by: *Walter A. Murray,* for appellee.

KAREN R. BAKER, Judge. Rex Rowell brings this appeal challenging a decision of the Workers' Compensation Commission. The Administrative Law Judge awarded permanent partial disability benefits to appellant. The Workers' Compensation Commission reversed the Administrative Law Judge's award and found that an award of permanent partial disability was barred. The Commission also remanded to the Administrative Law Judge for a ruling on the constitutional challenge of Ark. Code Ann. § 11-9-522(g) (Repl. 1996 and Supp. 1999). Appellant's first point on appeal is that the Commission erred in denying the appellant functional and anatomical loss because there was no specific percentage of permanent impairment assigned. Appellant's second point on appeal is that Ark. Code Ann. § 11-9-522(g) is unconstitutional because it does not provide appellant a legal remedy when there are permanent restrictions and no impairment rating assigned. We hold that because the constitutionality issue was remanded to the Administrative Law Judge there is not a final appealable order and this appeal must be dismissed.

Appellant was employed by Curt Bean Trucking as a truck driver. On December 22, 1995, appellant was exiting his truck when he slipped on the icy running board of his truck, falling to the ground. The fall resulted in an injury to his right shoulder. Dr. Robert Olive, who remains appellant's primary care physician, successfully operated on appellant and repaired a right rotator cuff tear. Following the surgery, Dr. Olive restricted appellant to a seventy-five pound permanent weight lifting limit to prevent further re-injury. By January 1998, appellant had reached maximum medical improvement to the point that his healing period was extinguished. Dr. Olive anticipates appellant will have problems with the shoulder from time to time, however, appellant demonstrates full range of motion and has good strength. Dr. Olive is prohibited from assigning a permanent impairment rating due to the lack of an objective impairment, as per the Guidelines to Evaluation of Permanent Impairment.

The Administrative Law Judge found that appellant had proven by a preponderance of the evidence that he was entitled to permanent partial disability benefits representing a permanent partial disability of five percent to the body as a whole. However, on May 5, 2000, after a *de novo* review by the full Commission, it was ·found that since there were no objective findings of permanent impairment, the Administrative Law Judge erred in awarding permanent partial disability benefits. The Commission remanded the issue of constitutionality of Ark. Code Ann. § 11-9-522(g) to the Administrative Law Judge. Following the Commission's reversal, appellant filed a timely notice of appeal ·claiming that the Commission erred in denying the appellant's functional and anatomical loss because there was no specific percentage of permanent impairment assigned and challenging the constitutionality of Ark. Code Ann. § 11-9-522(g). However, this court is unable to reach the merits of this case and must dismiss for lack of a final order.

Appeals from the Commission to this court shall be allowed as in other civil actions. *TEC v. Falkner*, 38 Ark. App. 13, 827 S.W.2d 661 (1992) (citing Ark. Code Ann. § 11-9-711(b)(2)). For an order to be appealable, it must be final. *Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 94 (1994). To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Id.* Ordinarily an order of the Commission is reviewable only at the point where it awards or denies compensation. *TEC, supra.* As a general rule, orders of remand are not final and appealable. *Rogers, supra.*

Addressing only one of the issues on appeal would be to encourage piecemeal litigation. We conclude that, due to the Commission's remand of the undecided issue of the constitutionality of Ark. Code Ann. § 11-9-522(g), there is not a final determination; hence, it is not a final appealable order.

Dismissed.

GRIFFEN and CRABTREE, JJ., agree.