Fluor DANIEL and Pacific Employers Insurance Company *v.* Alfred R. BARNETT

CA 01-876                                              76 S.W.3d 916

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered June 5, 2002

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Richard Lusby* and *Mark Mayfield*, for appellants.

*Frederick S. "Rick" Spencer*, for appellee.

S AM BIRD, Judge. The employer in this workers' compensation case, Fluor Daniel, and its insurance carrier, Pacific Employers Insurance Company, appeal from the Arkansas Workers' Compensation Commission finding that the appellee, Alfred Barnett, is entitled to reasonable and necessary medical treatment related to his compensable injury and temporary total disability compensation. The appellants contend that there is no substantial basis for the Commission's decision awarding Barnett ongoing medical care and disability benefits as no reasonable mind would accept the evidence as sufficient to support an award. However, we cannot reach the merits of this argument because the order from which it is appealed is not final.

On July 11, 1995, appellee Alfred Barnett, along with twenty-four other workers, was on the job at Arkansas Eastman when an accidental spill of a chemical called Crotonaldehyde occurred. Barnett was approximately 100 feet away from the point of release of the chemical vapor and was working in the open air surrounded by walls that were twenty-feet tall. Barnett experienced watery eyes, burning nose and throat, and nausea. He was sent to the company doctor, Dr. Verona Brown, but was released to work light duty. Barnett developed more symptoms the next day and was sent back to Dr. Brown on several occasions. Barnett's symptoms continued to worsen over the next few weeks, and he was subsequently terminated by the appellant, Fluor

Daniel, in September 1995 for refusing to go into an area where Crotonaldehyde was being used.

Antibiotics did not clear up his symptoms, and Barnett went to see a general practitioner and then a pulmonary specialist. Examinations and studies did not yield any abnormal findings; however, Barnett remained the only employee out of the twenty-five employees exposed to the chemical who continued to experience symptoms. He went to Dr. Robert Hopkins, an internal medicine physician, who diagnosed Barnett as having reactive airway disease, based on the history given. However, Dr. Hopkins's clinical examination did not produce any significant objective findings. Additionally, Barnett consulted an allergy specialist, Dr. Aubrey Worrell. Although the tests performed did not reveal anything significant, Dr. Worrell diagnosed Barnett as disabled due to eight conditions from which he found Barnett suffered.

The administrative law judge made three findings: (1) that, *inter alia*, Barnett had proved by a preponderance of the evidence that his reactive airway disease was causally related to, arose out of, and was a compensable consequence of his compensable injury of July 11, 1995; (2) that Barnett proved that the medical treatment sought and received by him after July 11, 1995, was reasonable, necessary, and related to the treatment of his compensable injury; (3) that Barnett proved that he was entitled to temporary total disability compensation from September 15, 1995, "through a date yet to be determined." However, the administrative law judge held that the claim for permanent disability benefits was not yet ripe for determination.

After a *de novo* review of the entire record, the Arkansas Workers' Compensation Commission affirmed the administrative law judge's first two findings, but modified the third, finding that the healing period for which temporary total disabilities were due ended on December 20, 1996, instead of continuing "through a date yet to be determined." Because the Commission found that Daniels's claim for permanent disability benefits was ripe for determination, it remanded that matter to the administrative law judge for an adjudication of Barnett's entitlement to permanent

disability and vocational rehabilitation benefits, pursuant to Act 796 of 1993.

█ It is a well-established rule that in order for this court to review a decision of the Workers' Compensation Commission, the order from which the parties appeal must be final. *Humphrey v. Faulkner Nursing Ctr.*, 61 Ark. App. 48, 964 S.W.2d 224 (1998); *Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 94 (1994); *Adams v. Southern Steel & Wire*, 44 Ark. App. 108, 866 S.W.2d 432 (1993); *TEC v. Falkner*, 38 Ark. App. 13, 827 S.W.2d 661 (1992); *American Mut. Ins. Co. v. Argonaut Ins. Co.*, 33 Ark. App. 82, 801 S.W.2d 55 (1991); *St. Paul Ins. Co. v. Desota*, 30 Ark. App. 45, 782 S.W.2d 374 (1990). To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Rowell v. Curt Bean Lumber Co.*, 73 Ark. App. 237, 40 S.W.3d 344 (2001). Ordinarily an order of the Commission is reviewable only at the point where it awards or denies compensation. *Id.* As a general rule, orders of remand are not final and appealable. *Id.*

█ In *Gina Marie Farms v. Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989), a per curiam opinion, this court fully discussed the definition of a final, appealable order in a workers' compensation case, and applied the rule in *Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978), that "to be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it." The rule that an order must be final to be appealable is a jurisdictional requirement, observed to avoid piecemeal litigation. *See Rowell v. Curt Bean Lumber Co., supra*; Ark. R. App. P.—Civ. 2(a)(1).

█ Addressing only one of the issues on appeal would be to encourage piecemeal litigation. Because the Commission remanded this case to the administrative law judge for an adjudication of Barnett's entitlement to permanent disability and vocational rehabilitation benefits, pursuant to Act 796 of 1993, the order is not final, and we are required to dismiss the appeal.

Appeal dismissed.

CRABTREE, BAKER, and ROAF, JJ., agree.

ROBBINS and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting.* I do not join the majority because I view the compensability and temporary disability benefits issues in this case as final and separable, and therefore, appealable aspects of the litigation. I also think that it makes no sense to impose the strict notion of finality to workers' compensation appeals where it ultimately produces for the employer what could amount to an empty right to judicial review.

In this occupational disease case, the Commission affirmed the decision of the Administrative Law Judge (ALJ) finding that the employee sustained a compensable injury and that the employee's request for medical treatment was reasonable, necessary, and related to the compensable injury. However, the Commission modified the ALJ's finding regarding temporary total disability (TTD) benefits. While the ALJ found that the employee was entitled to TTD benefits from September 15, 1995, "through a date yet to be determined," the Commission found that his entitlement to TTD benefits ended December 20, 1996, when his healing period ended. Thus, the Commission remanded the case to the ALJ for a determination of whether appellee was entitled to permanent partial disability (PPD) and vocational rehabilitation benefits.

The majority would dismiss the present appeal for lack of finality, which will require the employer to wait until the employee's entitlement to vocational rehabilitation and PPD benefits have been adjudicated before challenging the issue of compensability. While I certainly agree that we should avoid piecemeal litigation, sound institutional principles and substantial justice operate in favor of admitting that requiring absolute finality before permitting an appeal from a TTD award defeats the purposes of the Act.

First, this notion is refuted by the plain language of the Act. Arkansas Code Annotated Section 11-9-711(b)(1) (Repl. 1996), provides that "*a compensation order or award . . . shall become final*

---

\* *Parallel citation*: 84 S.W.3d 869.

unless a party to the dispute shall, within thirty (30) days from receipt by him of the order or award, file notice of appeal to the Arkansas Court of Appeals, which is designated as the forum for judicial review of those orders and awards." (Emphasis added.) Although the Arkansas General Assembly substantially changed the workers' compensation act in 1993, it did not change this section.

Compensation orders under section 11-9-711(b)(1) clearly encompass the determination of whether the injury is compensable, and include the award of TTD benefits, PPD benefits, medical benefits, and vocational rehabilitation benefits. We have no business pretending that the General Assembly does not understand that compensation decisions and TTD awards may logically precede determinations of entitlement to vocational rehabilitation and permanent disability benefits. Plainly, the General Assembly contemplated that compensation orders and awards will issue that do not fully dispose of *all* claims. It is the duty of this court to construe the Act consistent with the legislative intent. Thus, to the extent that we have previously erred in applying the finality doctrine to the Act, we should take the opportunity to admit the mistake and correct it.

Therefore, we should recognize an exception to the finality rule in this case, because to hold otherwise would be to defeat the benevolent purposes of the Act to timely compensate injured employees. While we may certainly look to the Arkansas Rules of Civil Procedure and Appellate Procedure in dealing with questions of finality and appealability, we should remember that these rules are not applicable to workers' compensation proceedings. However, to the extent that we apply these rules by analogy, we should apply them to the full extent appropriate. Even the Rules of Civil Procedure and Appellate Procedure allow for an appeal from separable claims or from claims of an interlocutory nature. *See, e.g.,* Ark. Rule Civ. P. 54(b) (authorizing appeals from actions involving multiple claims); Ark. Rule App. P.—Civ. 2(a)(6)(7) (authorizing appeals from certain interlocutory orders).

Our courts have apparently recognized that it makes no sense to apply the finality doctrine to workers' compensation claims

without also recognizing the well-founded exceptions to the doctrine. Thus, this court and our supreme court have held that an order from the Commission is appealable when it ends the litigation or a *separable part* of it. *See, e.g., Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978); *Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 94 (1994). The issue of whether an employee is entitled to TTD benefits is a separable part of a claimant's worker's compensation claim because his entitlement to TTD is not contingent upon his entitlement to permanent disability benefits or vocational rehabilitation benefits.

Moreover, our supreme court has expressly recognized an exception to the finality rule where TTD benefits are at issue. In *Luker v. Reynold's Metal Co.*, 244 Ark. 1088, 428 S.W.2d 45 (1968), the supreme court allowed an appeal from the denial of TTD benefits where the claimant appealed. The *Luker* court stated that the appealability of the Commission's order in a workers' compensation claim is not limited to the final disposition of the matter before the Commission. *See id.* The *Luker* court then reasoned that "[t]he benevolent purposes of the act requiring the employer to make payments of compensation and medical expenses during the healing period would be defeated if all contested claims were permitted to lie dormant until the Commission could determine the end of the healing period and the permanent partial disability." *See id.* at 1090, 428 S.W.2d at 46. *See also Model Laundry & Dry Cleaning v. Simmons*, 268 Ark. 770, 596 S.W.2d 337 (1980) (rejecting employer's argument that penalty provision of Workers' Compensation Act did not apply with respect to late payment of medical bills and attorney fees where employer argued the Commission's order was not final because it was remanded for determination of claimant's entitlement to rehabilitation benefits).

That the Commission in *Luker* denied benefits and the appellant in *Luker* was the claimant, whereas here the Commission awarded benefits and the appellant was the employer, is of no moment. The effect on the claimant and the employer is the same: Even though the claimant's entitlement to TTD benefits has been resolved by the Commission, and even though the award of TTD benefits is not in any way contingent upon the resolution

of the remaining issues to be decided upon remand to the ALJ, both the employer and the claimant must await a "final" determination of the claimant's eligibility for the unrelated, separable benefits. This reasoning runs counter to the legislative intent that workers' compensation claims are to be resolved quickly. *See* Ark. Code Ann. § 11-9-711(b)(2) (Repl. 1996) (providing that appeals from the Workers' Compensation Commission shall take precedence over all other civil cases appealed to the court). Thus, allowing an employer to appeal on the facts of this case does no violence to the finality rule and is consistent with the *Luker* principle to advance the benevolent purposes of the worker's compensation act.

Finally, we should not rigidly adhere to the doctrine of finality where an award of TTD benefits is coupled with a remand of other issues, because to do so may put the employer in the untenable position of being forced to exercise an empty right to judicial review. Arkansas Code Annotated Section 11-9-802(c) (Repl. 1996), provides that if any installment of benefits, payable under the terms of an award, "is not paid within fifteen (15) days after it becomes due, there shall be added to such unpaid installment an amount equal to twenty percent (20%) thereof, which shall be paid *at the same time as, but in addition to, the installment unless review of the compensation order making the award is had as provided in §§ 11-9-711 and 11-9-712*." (Emphasis added.) If an employer cannot appeal an award of TTD benefits where the case has been remanded on other issues, how can it avoid paying the TTD benefits, the award of which may ultimately be found to be in error?

While the employer awaits "finality," it remains liable for TTD and medical benefits. It cannot post a supersedeas bond for a judgment on those benefits because under the majority analysis, no appeal would lie. Therefore, it would be obligated to pay the benefits pursuant to section 11-9-802(c). Moreover, any subsequent decision by us that the award of TTD benefits was in error would be moot. The employee will have long since spent the TTD benefits and obtained the medical treatment ordered by the Commission. Our strict adherence to the principle of avoiding piecemeal appeals will have compounded error, rather than have provided for its correction.

Accordingly, I would address this case on its merits because the plain language of the Act provides that the portion of the Commission's order awarding TTD benefits is final. Fairness and judicial efficiency dictate that we recognize our jurisdiction. Practical reality compels that we do so as well.

I am authorized to state that ROBBINS, J., joins in this opinion.