Sandra P. ERWIN *v.*
RIVERSIDE FURNITURE CORPORATION

CA 06–536                                                    244 S.W.3d 14

Court of Appeals of Arkansas
Opinion delivered November 29, 2006

*Stephen M. Sharum*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham* and *Farrah L. Fielder*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Sandra P. Erwin sustained an admittedly compensable injury to her left ankle and

foot while working for appellee Riverside Furniture Corporation on September 10, 2003. The appellee provided certain medical benefits, but a controversy subsequently arose over Ms. Erwin's claim for additional compensation. Specifically, Ms. Erwin alleged that she sustained a low back injury, a left leg injury, and reflex sympathetic dystrophy (RSD), which were all compensable consequences of the work-related accident. Ms. Erwin further asserted entitlement to temporary total disability benefits and additional medical treatment.

After a hearing, the ALJ entered an opinion on March 31, 2005, finding that Ms. Erwin failed to meet her burden of proving the existence of any compensable injury other than the injury to her left foot and ankle. However, the ALJ reserved the issue of additional medical benefits and temporary total disability benefits, stating:

> I find that the claimant is entitled to receive, at the respondent's expense, an evaluation and any necessary testing at the University of Arkansas School for Medical Sciences by the physician currently heading the ankle/foot section of the Department of Orthopaedics. The purpose of this evaluation is to determine whether the claimant's healing period has ended or whether any further medical treatment would be reasonably necessary for the claimant's compensable left ankle/foot injury, together with the nature and extent of any such treatment. A decision on the claimant's entitlement to additional medical services and temporary total disability benefits should be reserved pending the outcome of this evaluation.

Ms. Erwin appealed the decision of the ALJ to the Workers' Compensation Commission and subsequently filed a motion to submit additional evidence, which included a May 17, 2005, medical report by a UAMS physician, Dr. Ruth Thomas. On June 23, 2005, the Commission granted Ms. Erwin's request to submit into evidence the report by Dr. Thomas, but denied her request to submit other medical evidence on the basis that it had not been diligently obtained and would not change the result of the case.

On March 28, 2006, the Commission issued an opinion affirming and adopting the opinion of the ALJ. At the appellee's request, the Commission entered another order on April 19, 2006, which clarified its opinion and stated:

> The Full Commission grants the respondent's motion for clarification. The Full Commission informs the parties that the issues of additional medical treatment and temporary total disability

compensation remain reserved. We note that the report from Dr. Thomas at UAMS has not yet been included in the record before the Commission. The Full Commission also notes that we have affirmed and adopted the administrative law judge's findings that the claimant did not sustain a compensable injury to her lumbar spine or left leg.

The Full Commission has not adjudicated the claimant's entitlement to temporary total disability compensation or additional medical treatment. We again note that the report from Dr. Thomas at UAMS has not yet been submitted into the record before the Full Commission.

Ms. Erwin now appeals from the March 28, 2006, and April 19, 2006, orders of the Commission, raising three arguments for reversal. First, she argues that the Commission erred in denying in part her motion to submit additional evidence. Next, she contends that the Commission erred in failing to find that she has compensable RSD. Finally, Ms. Erwin asserts that the Commission erred in finding that she failed to prove by a preponderance of the evidence that she is entitled to temporary total disability benefits and additional medical treatment. However, this court cannot reach the merits of this case and must dismiss the appeal for lack of a final order.

It is a well-established rule that in order for this court to review a decision from the Workers' Compensation Commission, the order from which the parties appeal must be final. *Daniel v. Barnett*, 78 Ark. App. 19, 76 S.W.3d 916 (2002); *Humphrey v. Faulkner Nursing Ctr.*, 61 Ark. App. 48, 964 S.W.2d 224 (1998); *Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 94 (1994); *Adams v. S. Steel & Wire*, 44 Ark. App. 108, 866 S.W.2d 432 (1993); *St. Paul Ins. Co. v. Desota*, 30 Ark. App. 45, 782 S.W.2d 374 (1990). To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Rowell v. Curt Bean Lumber Co.*, 73 Ark. App. 237, 40 S.W.3d 344 (2001). Whether an order is final and appealable is a matter going to the jurisdiction of the appellate court and is an issue that the appellate court has a duty to raise on its own motion. *Capitol Life & Accident Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001). The rule that an order must be final to be appealable is a requirement observed to avoid piecemeal litigation. *See Daniel v. Barnett, supra.* When the order appealed from reflects that further proceedings are pending which do not involve merely collateral matters, the order is not final. *Harold Ives*

*Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). When the order appealed from is not final, the appellate court will not decide the merits of the appeal. *Capitol Life & Accident Ins. Co. v. Phelps, supra.*

█ In the present case, the Commission reserved ruling on one of the key issues in controversy. In this regard, the Commission specifically stated that it had not yet adjudicated Ms. Erwin's entitlement to temporary total disability benefits and additional medical treatment, because it had not yet received into the record the report from Dr. Thomas at UAMS as ordered by the ALJ.[1] Addressing only some of the issues on appeal would encourage piecemeal litigation. Because there is no final order, we are required to dismiss this appeal.

Appeal dismissed.

NEAL and CRABTREE, JJ., agree.

---

[1] We acknowledge that there was a report by Dr. Thomas dated May 17, 2005, that the Commission allowed the claimant to submit into the record. However, this report did not fully address Ms. Erwin's entitlement to temporary total disability benefits and additional medical treatment, and we assume that the Commission was anticipating a subsequent report in compliance with the ALJ's directive. At any rate, the order of the Commission makes it clear that there are pending issues to be resolved, which it has not yet addressed.