Cite as 2026 Ark. App. 284

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-25-282

|  |  |
|---|---|
| | Opinion Delivered May 6, 2026 |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-24-148] |
| V. | HONORABLE DANNY GLOVER, JUDGE |
| LORI RAWLS<br>APPELLEE | DISMISSED WITHOUT PREJUDICE |

**CINDY GRACE THYER, Judge**

The Arkansas Department of Human Services (DHS) appeals an order of the Phillips County Circuit Court remanding the case back to DHS, Office of Appeals and Hearings, for an in-person hearing and to allow for the presentation of additional evidence. We dismiss for lack of a final, appealable order.

Appellee Lori Rawls is the mother and guardian of Jackson Rawls, a twenty-one-year-old who suffers from Baraitser-Winter syndrome, hypertonia, hyperextension of the wrists, flat feet, and scoliosis as well as intellectual and developmental disabilities. She applied on Jackson's behalf for the ARChoices waiver program to receive in-home care.[1]

---

[1]ARChoices in Homecare is a Medicaid program that provides home and community-based services for adults ages twenty-one through sixty-four with a physical disability, and for seniors age sixty-five or older. Arkansas Department of Human Services, *ARChoices in*

To determine Jackson's eligibility in the program, DHS obtained an assessment by a registered nurse with Optum Government Solutions. That assessment found that Jackson had limitations in all three aspects of daily living—eating, transferring/locomotion, and toileting—and assigned him a Tier Two rating, indicating that he might meet the functional eligibility requirements of ARChoices.

On February 22, 2024, DHS denied Rawls's request for ARChoices coverage, stating that Jackson was ineligible. According to the ARChoices waiver program manual, section 212.100(c), in order for a participant to qualify for an intermediate level of care, the participant must be totally dependent or require extensive assistance from another person in two of the three areas of mobility, feeding, and toileting. While Jackson's assessment showed that he had limitations in all three areas, DHS noted that the assessment indicated he could eat and transfer without hands-on assistance and required only limited assistance while toileting.

Rawls appealed the denial and requested a hearing.

---

*Homecare*, https://humanservices.arkansas.gov/divisions-shared-services/aging-adult-behavioral-health-services/find-home-community-based-services-for-adults-seniors/archoices-in-homecare (archived at https://perma.cc/YJ9Y-T29T) (date last accessed 04/29/2026). The program is designed to prevent nursing home admissions of those at risk. American Council on Aging, *Arkansas Medicaid's ARChoices in Homecare/Independent Choices Program*, https://www.medicaidplanningassistance.org/arkansas-archoices-in-homecare (archived at https://perma.cc/7TAT-885T) (date last accessed 04/29/2026).

An administrative hearing was held telephonically on May 7. Rawls appeared pro se; DHS appeared through counsel.

Rawls testified that Jackson was twenty-one years old and had one year left in school, where he receives occupational therapy due to his disabilities. She stated that Jackson suffers from Baraitser-Winter syndrome, which affects him mentally and physically. He also has a total spine fusion, which limits his ability to bend and twist. She stated that he cannot bathe himself, and while he can feed himself, his meals must be prepared for him. She testified that sometimes she has to help him finish his meals because he cannot get food around the rim. She also stated that, while he can toilet himself, he cannot unzip or unbutton his pants, and he cannot clean himself. As for mobility, she stated that he is mobile, can move from a bed to a chair, and can walk around in the house. She says that his syndrome also affects his vision, noting that he ran into a wall during his assessment.

Rochelle Fair-Bailey, the registered nurse who conducted Jackson's assessment, also testified at the hearing. She stated that she conducted the assessment and assessed him at Tier Two, using "afria (phonetic)" and information by provided by Rawls.

Deanna Price, a registered nurse with the Division of County Operations in the Medical Determination Department, testified regarding DHS's denial. She stated that DHS does not rely on the tier level determined by Optum but instead bases its determination on its own review of the assessment. She stated that a nurse in her office had reviewed the Optum assessment and had determined that Jackson was limited only in toileting. After hearing Rawls's testimony at the hearing, her decision would not change. She testified:

3

Well, I'm – I'm looking at the assessment right now and ED was set up independent. Toileting was limited. Transfers, he didn't need any assistance, and under mobility, the Optum assessment says limited, but under other challenges getting around the home, it says, caregiver states client has issues with his back and feet and balance issues and poor navigation. He needs supervision and non-weightbearing hands-on help to safely go up and down the stairs in the home, but client only goes up and downs the stairs in the home maybe one to two times a month, and for it to be limited have to be one – I mean, three or more times a week hands-on assistance. And that's why that's not limited.

She stated that there was no indication that Jackson suffered from Alzheimer's or related dementia; nor did he have any medical condition that required monitoring or assessment by a licensed medical professional at least once a day. She did state, however, that Jackson might be eligible for personal-care services.

At the close of the hearing, Rawls informed the court that she would provide the hearing officer with a copy of Jackson's Medicaid assessment performed by Dr. Sudhir Kumar. DHS agreed but requested that the record be kept open so that it had an opportunity review the document.

The hearing officer issued its decision denying Jackson's ARChoices application on May 17. The hearing officer concluded that Jackson did not meet the criteria for a nursing-home-facility level of care. The hearing officer noted:

> In this matter [Jackson] is not functionally disabled in at least two of the following three activities of daily living of toileting, eating, or transferring/locomotion. [Jackson] did not need limited or extensive assistance or total dependence with eating and transferring/locomotion. Furthermore, [Jackson] does not have a diagnosis of Dementia or Alzheimer's. [Jackson] does not have a diagnosed medical condition which requires monitoring or assessment at least once a day by a licensed medical professional and the condition, if untreated would be life-threatening.

4

As a result, the hearing officer concluded that Jackson had failed to prove that he met the medical criteria for the nursing home placement/level of care, and therefore, DHS had not erred in determining that Jackson was ineligible for those services.

Upon receiving the denial, Rawls hired counsel and filed a petition for judicial review in the Phillips County Circuit Court. The circuit court held a hearing on December 9, and Jackson was present. At the hearing, Rawls requested the opportunity to present witnesses, and DHS objected. The court heard arguments of counsel and took the matter under advisement. Both parties filed briefs in support of their respective positions. As part of her brief, Rawls filed a copy of the Optum assessment along with four affidavits attesting to Jackson's limitations with respect to eating, mobility, and toileting. DHS responded, again objecting to introduction of any evidence not a part of the administrative agency's record.

After reviewing the pleadings and the record and after considering the arguments of counsel, the court entered an order remanding the matter back to the agency for further proceedings and an in-person hearing. The court stated that, after careful consideration, it had determined that the record had not been fully developed and that DHS needed to conduct further review for the following reasons:

> First, [Rawls] who spoke on behalf of Jackson at the hearing before the ALJ, is not a lawyer and is not trained in the presentation of evidence or on the nuances of law pertaining to the ARChoices waiver program. [Rawls] now has the benefit of counsel who is better qualified to understand the issues to be adjudicated and is better qualified to advocate for Jackson. [Rawls's] counsel is better trained to present evidence to support Jackson's limitations and his need for assistance. [Rawls's] counsel is also better trained to challenge the findings of DHS and to critique any investigation conducted by DHS workers or by independent organizations such as Optum.

Second, at the hearing conducted by this Court, [Rawls's] counsel requested the opportunity to present additional proof. This Court believes that any such proof should be presented to DHS and the ALJ so that it may be reviewed and become part of the record prior to consideration by this Court. A remand will allow for additional proof and further consideration by DHS.

Third, it would be essential in remand for the ALJ to personally observe Jackson in order to have a full understanding of the context of Jackson's limitations. While telephonic hearings afford convenience and efficiency in many instances, they sometimes cloud or obscure the import of the proof presented. Such is the case here. A full appreciation of the limitations and needs of Jackson is better realized at an in person hearing.

The court concluded its order by ordering DHS to conduct the follow-up hearing within 120 days of entry of its order and stated that the case would remain open in the event further review was necessary.

DHS has appealed this ruling. On appeal, DHS claims (1) that the agency's decision was supported by substantial evidence and (2) that the agency's decision was neither arbitrary nor capricious. Finally, DHS contends that the circuit court improperly considered additional evidence in reaching its decision. We cannot reach any of these issues because we lack a final, appealable order.

A circuit court's order of remand to an administrative agency for further proceedings is not a final, appealable order, *Olwan v. Ark. Tobacco Control Bd.*, 2020 Ark. App. 201 (dismissing appeal of circuit court's order remanding for two new hearings as not final), because an order to remand is not final and appealable if it directs the agency to complete a step that is a predicate to the circuit court's ultimate decision. *Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC*, 2018 Ark. 224, 549 S.W.3d 901. When this occurs, the circuit court's

order contemplates the agency completing the task and the case returning to it for a final decision. *Id.*

An order of remand, however, is not always a nonfinal order. The supreme court in *Naturalis*, *supra*, concluded that the circuit court's order was final in that it nullified the Medical Marijuana Commission's decision and remanded to restart the licensing-selection process, i.e., the circuit court had ruled on the merits.

Here, however, the circuit court's order is not a ruling on the merits as was the case in *Naturalis*; rather, it directs the court to hold another hearing, in person, within 120 days to take additional evidence on Jackson's limitations. *See, e.g.*, *Rogers v. Wood Mfg.*, 46 Ark. App. 43, 877 S.W.2d 94 (1994) (Commission's order of remand, which neither awarded nor denied compensation, was a decision on an incidental matter and was, thus, not final and appealable). It also provides that the case will remain open in the event further review is needed by the court. Clearly, the court's order in this case did not decide the rights of the parties: instead, it contemplated additional action. As such, this case is more similar to *Olwan* than *Naturalis*. Because we lack a final, appealable order, we lack jurisdiction and must dismiss.

Dismissed without prejudice.

WOOD and BROWN, JJ., agree.

*Vincent P. France*, Deputy Chief Counsel, Arkansas Department of Human Services, for appellant.

One brief only.