Jerry SEWARD *v.* The BUD AVANTS COMPANY, Employer; Rockwood Insurance/Arkansas Property & Casualty Guaranty Fund, Carrier

CA 98-906 985 S.W.2d 332

Court of Appeals of Arkansas
Division III
Opinion delivered February 10, 1999

*David H. McCormick*, for appellant.

*William H. Trice III*, for appellee.

S AM BIRD, Judge. The claimant in this workers' compen-
sation case was injured in 1988, and, in an opinion issued
by the administrative law judge on March 12, 1993, found to be
permanently and totally disabled under the odd-lot doctrine.
Maximum attorney fees were ordered, "to be paid in accordance
with A.C.A. §11-9-715, § 11-9-716, § 11-9-801, and WCC
Rule 10," with respondents (the employer and its workers' com-
pensation carrier) to pay "their proportionate share." That opin-
ion was not appealed to the Commission within thirty days, and,
therefore, became a final order. However, the respondent
employer's workers' compensation insurance carrier (Rockwood
Insurance Company) had apparently become insolvent, and the
Arkansas Property and Casualty Insurance Guaranty Fund (Fund),
which assumed the carrier's obligations[1], requested a hearing to
determine the amount of the attorney's fee awarded and whether
the claimant's share of the fee should be deducted from his weekly
disability benefit that the Fund was obligated to pay. Although
appellant argued to the administrative law judge that the March
12, 1993, opinion was not appealed, and was, therefore, *res judi-
cata*, the administrative law judge entered an order on September
26, 1995, directing payment of an attorney's fee of $7,873, "with
one-half of said fee to be paid by the claimant out of the benefits
which he is receiving from the [Fund] and one-half to be paid by
the respondent employer, The Bud Avants Company."[2]

Appellant appealed the decision of the law judge, arguing
that the wrong figures were used to calculate the lump-sum attor-
ney's fee and that the law judge erred in requiring the claimant to
pay his one-half of the fees out of his weekly benefits. On March
13, 1997, the Commission affirmed the law judge's order, as mod-
ified. Appellant appealed to this court and, on January 14, 1998,
we remanded for the Commission to address appellant's argument
that the Commission did not have jurisdiction because the March
1993 order was not appealed and was, therefore, *res judicata*.

---

[1] The Arkansas Property and Casualty Insurance Guaranty Fund is a statutorily
created entity (Ark. Code Ann. § 23-90-101-123 (Repl. 1992)) that assumes the
responsibility to satisfy certain obligations of insurers that become insolvent.

[2] Ark. Code Ann. § 23-90-103(2) (Repl. 1992) excludes "attorneys' fees and costs"
from the obligations that the Fund is required to assume.

In its opinion on remand, the Commission found that the March 1993 order became final after thirty days when it was not appealed, and, therefore, the issues decided by that order were *res judicata*. However, it also held that the doctrine of *res judicata* "does not bar issues which were not previously decided and could not have been decided." The Commission then held that the "September 26, 1995, order was an attempt to settle and clarify the award of [attorney] fees awarded in the March 12, 1993, opinion." The Commission said that because the March 1993 opinion ordered that attorney's fees be paid in a lump sum but did not calculate the amount, the subsequent order determining the amount of the fee and the way it was to be paid was a collateral matter, which was not litigated and settled in the previous order and was not, therefore, res judicata. It stated: "While claimant's attorney contended entitlement to a fee based upon controversion, the amount of the actual fee was never litigated until respondent's motion."

Appellant has once again appealed to this court and makes three arguments:

> I. Chief Administrative Law Judge Shelton and the full Commission lacked jurisdiction to enter any order modifying the order of Administrative Law Judge Hogan which required the appellees to pay a lump-sum attorney's fee to appellant's attorney in accordance with A.C.A. § 11-9-715, A.C.A. § 11-9-716, A.C.A. § 11-9-801 and WCC Rule 10.

> II. The decision of the full Commission that the appellant's one-half of the attorney's fee awarded should be deducted from any of his accrued benefits or by withholding ten percent of his bi-weekly checks until his one-half of the attorney's fee is paid in full should be reversed.

> III. The decision of the Commission as to the figures used to calculate the attorney's fee and their calculation of that amount should be affirmed.

We affirm the Commission's findings on points one and two, and reverse and remand on point three.

█ █ Appellant's first argument is that the Commission did not have jurisdiction to enter the September 26, 1995, order

because the March 1993 judgment was not appealed. Appellant contends the law of collateral estoppel, issue preclusion, and res judicata prevented the Commission from having jurisdiction. We disagree. The March 12, 1993, order requiring payment of maximum attorney's fees to appellant's attorney was not final and appealable as to the specific amount of the fee, nor could it be. The fee due an attorney for representing a claimant in a workers' compensation case is based on a percentage of the benefits the claimant receives. *See* Ark. Code Ann. § 11-9-715 (Repl. 1996). As long as the claimant is receiving benefits, the attorney is entitled to a fee in an amount not to exceed a statutorily specified percentage of the amount of benefits received by the claimant. Ark. Code Ann. § 11-9-715(a)(1)(B). Therefore, until the claimant is no longer receiving benefits, the total amount of the fee due to a claimant's attorney cannot be determined. Consequently, we agree with the Commission's conclusion that the administrative law judge's September 26, 1995, opinion that merely calculated the amount of appellant's attorney's fee and specified by whom it was to be paid, was not barred by res judicata because that issue had not been litigated or determined by the March 12, 1993, opinion.

Appellant also argues that the decision of the full Commission that the appellant's one-half of the attorney's fee awarded should be deducted from any of his accrued benefits or by withholding ten percent of his bi-weekly checks until his one-half of the attorney's fee is paid in full, should be reversed. Appellant contends that since the March 1993 order stated that the attorney's fee was to be paid in lump sum, the award is not required to be paid one-half by each party but is to be paid in full by the employer. He reasons that when the legislature amended Ark. Code Ann. § 11-9-715 to require the claimant and respondents to split the attorney's fee in half, it did not amend the lump-sum section, and, consequently, the division of the attorney's fee between the parties does not apply when the Commission's order specifies that the attorney's fee is to be paid in a lump sum pursuant to Ark. Code Ann. § 11-9-716 (Repl. 1996). Appellant cites

no authority[3] in support of his interpretation of § 11-9-716, and his argument overlooks the language of the order itself, which provides that appellees are to pay "their proportionate share of attorney's fees."

■ Arkansas Code Annotated section 11-9-715(a)(2)(B)(i) (Repl. 1996) provides:

> In all other cases whenever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (½) by the employer or carrier in addition to compensation awarded; and one-half (½) by the injured employee or dependents of a deceased employee out of compensation payable to them.

Thus, the appellant's argument that the employer is to pay all the attorney's fee when it is awarded as a lump sum is also contradicted by the statute.

■ Appellant also argues that unless the employer is required to pay the entire amount of the attorney's fee when a lump sum is awarded, there exists a risk that the attorney might never be paid the fees he has earned because the claimant might die or become disqualified to receive benefits before the attorney receives his full fee, thereby putting the attorney in the same position he was in before the enactment of § 11-9-716. We agree with appellant that § 11-9-716 was enacted to remedy the problem of attorneys failing to receive full payment of their fees where the attorney received his compensation in installments on the same schedule that benefits were paid to recipients, but benefits ceased before the attorney received full payment of his fee. *Aluminum Co. of Am. v. Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982). However, we do not agree with appellant that the adoption of the fee-splitting statute (Ark. Code Ann. § 11-9-715) without a corresponding amendment of the lump-sum statute (Ark. Code Ann.

---

[3] Appellant concedes in his brief that he has found no case law supporting his argument, but refers us to *International Paper Co. v. McBride*, 12 Ark. App. 400, 678 S.W.2d 375 (1984), as providing "some guidance." We do not find *McBride* to be helpful.

§ 11-9-716) means that the legislature intended that the employer would continue to be liable for the entire amount of any lump-sum fees awarded. It would be wholly inconsistent for the legislature to amend Ark. Code Ann. § 11-9-715 by directing the Commission to order that one-half of attorney's fees be paid by the employer or carrier and one-half of the fee be paid by the injured employee or his dependents, while leaving intact Ark. Code Ann. § 11-9-716 that, according to appellant's interpretation, would permit the Commission to circumvent the fee-splitting requirement by simply ordering that all attorney's fees be paid in lump sum. Appellant's interpretation is also inconsistent with the principle of statutory construction that legislative acts relating to the same subject or having the same purpose must be construed together and in harmony if possible. *Reed v. State*, 330 Ark. 645, 957 S.W.2d 174 (1997). In construing such statutes, it is presumed that when the general assembly passed the latter act, it was well aware of the prior act. *Id.*

 There is nothing in § 11-9-716 that requires the Commission to approve a lump-sum payment of the entire amount of an attorney's fee or that prohibits the Commission from approving a plan by which an attorney's fee is paid partly by lump sum and partly in installments. Since the amendment to Ark. Code Ann. § 11-9-715(a)(2)(B)(i) contains the specific language that the half of the fee chargeable to the injured employee or his dependents is to be paid "out of compensation payable to them," it appears to have been the intention of the legislature to enable the Commission to approve the lump-sum payment of attorney's fees chargeable to the employer while providing for installment payments of the portion of the attorney's fee chargeable to the injured employee or the injured employee's dependents. Therefore, we affirm the Commission's decision to provide for the payment of the attorney's fee in that fashion, with the employer's portion to be paid in lump sum, and the claimant's portion to be paid in installments out of the compensation payable to him.

 However, we agree with appellant and the view expressed by the dissenting Commissioner in the Commission's

March 13, 1997, opinion, that the portion of the fee to be paid in installments by appellant should not be discounted since it is not being received by the attorney in lump sum. Therefore, we reverse as to this point and remand this matter to the Commission for the entry of an order providing for the payment of appellant's portion of the fee in installments from the benefits payable to him, without discount. In doing so, we recognize that there has probably already accrued, as a percentage of benefits already received by appellant, a significant sum of unpaid attorney's fees. On remand, the Commission should establish an appropriate schedule for the payment of those previously accrued, but unpaid, attorney's fees.

For his third point, appellant asks us to affirm the Commission's calculations of his attorney's fee. From the briefs, it does not appear that there is any disagreement among the parties as to the amount of the fee recalculated by the Commission in its April 15, 1998, opinion. However, since the Commission's figure ($9,084.44) was arrived at by discounting the entire amount of the attorney's fee, and not by discounting only the half of the attorney's fee chargeable to the employer to be paid in lump sum, we affirm only the Commission's calculation of the portion of the fee chargeable to the employer ($4,542.22), but, as stated above, we remand this matter to the Commission to establish an appropriate schedule for the payment of that portion of the fee chargeable to the appellant on a non-discounted basis.

Affirmed in part, and reversed and remanded in part.

ROBBINS, C.J., and MEADS, J., agree.