Keith WREN  *v.*
DEQUEEN SAND & GRAVEL COMPANY, *et al.*

CA 03-1278                                      189 S.W.3d 522

Court of Appeals of Arkansas
Division IV
Opinion delivered June 30, 2004

Appellant, *pro se.*

No response.

TERRY CRABTREE, Judge. The appellant, Keith Wren, appeals from a decision of the Arkansas Workers' Compensation Commission which denied his claim to an attorney's lien. Appellant contends on appeal that the Commission's ruling was in error. We agree and reverse and remand.

The facts necessary to an understanding of our decision are straightforward. On May 23, 2001, Kevin Wargo sustained an injury while working for DeQueen Sand & Gravel Company. The employer accepted Wargo's claim as compensable, and he was paid all appropriate benefits until he reached the end of his healing period on August 5, 2002. On February 9, 2002, before his healing period had ended, Wargo engaged the services of appellant to handle his anticipated claim for permanent disability benefits. Wargo and appellant entered into a written agreement setting out appellant's fee.

On May 2, 2002, Wargo phoned appellant's office to say that he was to have a CT scan and that he would call when he "gets released." On May 15, 2002, Wargo again phoned the office, leaving a message that he was about to undergo a functional

evaluation and that he would call when he was released. Then on July 30, 2002, Wargo contacted appellant's office and advised that he was moving and that he wanted to withdraw his claim because he did not want "to fool with it." The next day appellant and Wargo spoke on the phone. Appellant wrote Wargo a letter confirming their conversation that Wargo did not want to take any steps to settle the workers' compensation claim and that he wished appellant to close his file. In actuality, however, on July 29 Wargo had hired attorney Charles Padgham to represent him in the matter, and on that date Padgham filed with the Commission an AR-C form on Wargo's behalf. By letter of August 26, 2002, appellant notified Padgham, the employer's claims representative, and the Commission that he no longer represented Wargo but that he intended to retain a lien pursuant to the fee agreement he had negotiated with Wargo.

Wargo's claim was settled by joint petition, which was approved by the Commission on January 31, 2003. The settlement provided that Wargo was to receive a lump-sum payment of $10,250 and that the employer would be responsible for the payment of any outstanding medical expenses. The Commission approved an agreed-upon attorney's fee in the amount of $1,425.[1]

A hearing was later held on the issue of appellant's entitlement to a lien. In his opinion denying appellant's claim to a lien, the administrative law judge observed that, under Ark. Code Ann. § 11-9-715(a)(1)(B)(ii) (Repl. 2002), fees in workers' compensation cases are allowed only on the amount of benefits controverted and awarded, and he reasoned that appellant was not entitled to assert a lien since Wargo's claim for benefits had not been controverted during the period of appellant's representation. The law judge also concluded that the attorney's fee statute in workers' compensation law took precedence over the attorney-lien statute. When appellant appealed, the Commission affirmed and adopted the law judge's decision.

The sole issue before us is whether appellant is entitled to assert an attorney's lien. We hold that he is. A client has

---

[1]  Rule 19 of the Rules of the Arkansas Workers' Compensation Commission provides that, in all joint petitions where the claimant is represented by an attorney, the amount of agreed-upon attorney's fees shall be set out in the petition. The rule further provides that the Commission shall not approve fees that are in excess of the limits set out in Ark. Code Ann. § 11-9-715.

the right to discharge his attorney at any time. *Crockett & Brown v. Courson,* 312 Ark. 363, 849 S.W.2d 938 (1993); *Henry, Walden & Davis v. Goodman,* 294 Ark. 25, 741 S.W.2d 233 (1987). However, with the passage of Act 293 of 1989, the legislature declared in unmistakable terms that the intent of the attorney-lien law is to allow an attorney to obtain a lien for services based on his or her agreement with the client and to provide for compensation in case of settlement or compromise without the consent of the attorney. Ark. Code Ann. § 16-22-301 (Repl. 1999). Under the lien statute, Ark. Code Ann. § 16-22-304 (Supp. 2003), the lien established in favor of the attorney attaches to the proceeds of any settlement, verdict, report, decision, judgment or final order in his client's favor. The statute further provides that the lien cannot be defeated and impaired by any subsequent negotiation or compromise by any parties litigant. Ark. Code Ann. § 16-22-304(a)(2). Notably, the statute specifically states that the lien shall apply to proceedings before the Workers' Compensation Commission. Ark. Code Ann. § 16-22-304(c)(1). The current status of the law is that an attorney is to be compensated based upon the fee agreement when he or she is dismissed without cause. *McDermott v. McDermott,* 336 Ark. 557, 986 S.W.2d 557 (1999). Attorneys who are discharged with cause retain a lien, but the amount of compensation is determined on a quantum-meruit basis. *Id; see also Crockett & Brown v. Courson, supra.*

In the case at bar, the Commission determined that appellant was unable to assert a lien because Wargo's claim for benefits had not been controverted at the time of appellant's representation. Arkansas Code Annotated section 11-9-715(a)(1)(B)(ii) does provide that fees are allowed only on the amount of compensation for indemnity benefits controverted and awarded. However, we find the Commission's reliance on this provision to defeat the lien untenable. In *Seward v. The Bud Avants Co.,* 65 Ark. App. 88, 985 S.W.2d 332 (1999), we observed that fees in workers' compensation cases are not capable of determination until benefits are no longer being paid. Here, appellant was discharged before the litigation had run its course. Mr. Wargo had not reached the end of his healing period; he was being paid all appropriate benefits; and, the question of his entitlement to permanent disability benefits, and how much, was not yet ripe for determination. Ultimately, the Commission concluded that a fee was warranted as shown by its approval of the fee in the joint-petition order. With these considerations in mind, and given the

legislature's clear expression of its intent with regard to the attorney's-lien law, we are not persuaded that the initial lack of controversion forecloses the assertion of a lien.

We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

STROUD, C.J., and NEAL, J., agree.