104 Ark.App. 230

**Randy E. LEWIS, Appellant,**

v.

**AUTO PARTS & TIRE CO., INC., Flite-line Motors, Zenith Insurance Co., Second Injury Fund, and Death and Permanent Total Disability Trust Fund, Appellees.**

**No. CA 08–687.**

Court of Appeals of Arkansas.

Dec. 31, 2008.

Rehearing Denied Feb. 4, 2009.

Stephen M. Sharum, Fort Smith, for appellant.

David B. Simmons, Little Rock, for appellee Second Injury Fund.

KAREN R. BAKER, Judge.

Randy Lewis appeals from a decision by the Workers' Compensation Commission, which reversed the ALJ and found that pursuant to Arkansas Code Annotated section 11–9–716 (Repl.2002), appellant's attorney was not entitled to a lump-sum attorney fee to be paid by the Second Injury Fund. On appeal, Lewis asserts that Arkansas Code Annotated section 11–9–716 authorizes the Commission to award a lump-sum attorney fee to be paid by the Second Injury Fund. We agree and re-

verse and remand the Commission's decision.

■■■ The error in this case is derived from the Commission's misinterpretation of this court's holding in *Seward v. The Bud Avants Co.*, 65 Ark.App. 88, 985 S.W.2d 332 (1999), and the Commission's misinterpretation of the meaning of the relevant statutes. Lewis contends that the Commission's opinion is based on the false conclusion that the amount of the attorney's fee is "unascertainable" since the amount of payments to the claimant are unascertainable. We agree. The Commission mistakenly determined the following: that because the claimant's benefits were to be paid in installments throughout his lifetime, the amount of claimant's benefits were unascertainable; as a result, the amount of claimant's attorney fee was also unascertainable. Relying on the language in *Seward*, the Commission concluded that because the amount of fees was unascertainable, then the Commission could not award a lump-sum attorney fee. That is not the holding in *Seward*. In *Seward*, this court held that it was the intention of the legislature to enable the Workers' Compensation Commission to approve the lump-sum payment of attorney's fees chargeable to the employer while providing for installment payments of the portion of the attorney's fees chargeable to the injured employee or the injured employee's dependents; in such a situation the portion of the fee to be paid in installments by the injured employee or the injured employee's dependents should not be discounted since it is not being received by the attorney in a lump sum. *Seward*, 65 Ark.App. at 95, 985 S.W.2d at 335. The Commission's misinterpretation of *Seward* was a mistake of law. We do not defer to the Commission on questions of law. *See Heptinstall v. Asplundh Tree Expert Co.*, 84 Ark.App. 215, 137 S.W.3d 421 (2003)

(citing *Bagwell v. Falcon Jet Corp.*, 8 Ark. App. 192, 649 S.W.2d 841 (1983)).

■■■ Based on this court's holding in *Seward*, the Commission may approve the lump-sum payment of attorney's fees chargeable to the employer. The purpose of the Second Injury Fund was "designed to ensure to an employer employing a worker with a disability will not, in the event that the worker suffers an injury on the job, be held liable for a greater disability or impairment than actually occurred while the worker was in his or her employment." Ark.Code Ann. § 11–9–525 (Repl. 2002). The stated public purpose of the establishment of the Fund is to encourage employment of handicapped or disabled workers by assigning liabilities for the wage-loss consequences of a second injury to the Fund. *Rice v. Georgia Pacific Corp.*, 72 Ark.App. 148, 35 S.W.3d 328 (2000). In essence, the Second Injury Fund was created to stand in lieu of the employer and assume responsibility for any liability. *Seward* holds that the Commission can award a lump-sum of fees chargeable to an employer; because it is clear that the Second Injury Fund stands in lieu of the employer, the Commission can also award a lump-sum of fees from the Second Injury Fund.

■ Lewis also contends that the award of a lump-sum attorney's fee pursuant to Arkansas Code Annotated section 11–9–716 against the Second Injury Fund is not limited by the language in Arkansas Code Annotated section 11–9–804 to be applied to employers only. This presents us with an issue of statutory interpretation. This court reviews issues of statutory construction de novo, as it is for this court to decide what a statute means. *Johnson v. Bonds Fertilizer, Inc.*, 365 Ark. 133, 226 S.W.3d 753 (2006) (citing *MacSteel v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 210 S.W.3d 878 (2005)). Arkansas Code Annotated

section 11–9–704(c) (Repl.2002) requires that we construe workers' compensation statutes strictly. Strict construction requires that nothing be taken as intended that is not clearly expressed, and its doctrine is to use the plain meaning of the language employed. *American Standard Travelers Indem. Co. v. Post,* 78 Ark.App. 79, 77 S.W.3d 554 (2002). The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Teasley v. Hermann Companies, Inc.,* 92 Ark.App. 40, 211 S.W.3d 40 (2005). When a statute is clear, however, it is given its plain meaning, and the appellate court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* (citing *American Standard Travelers Indem. Co., supra*). The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Id.*

Pursuant to Arkansas Code Annotated section 11–9–715(a)(2)(A) (Repl.2002), the Commission can award fees for legal services to be paid from the fund when a claim has been controverted. Section 11–9–716(a) (Repl.2002) provides that the Commission is authorized to approve lump-sum attorney's fees for legal services rendered in respect to a claim. The lump-sum attorney's fees are allowed even though the claimant is to be paid on an installment basis. Ark.Code Ann. § 11–9–716(b) (Repl.2002). The statute also indicates that any approved fee is to be discounted at a rate provided in Arkansas Code Annotated section 11–9–804 (Repl. 2002). Ark.Code Ann. § 11–9–716(c). Arkansas Code annotated section 11–9–804 (Repl.2002) merely provides the method by which the lump sum should be calculated based on life expectancy tables and the discount rate stated.

▮ Section 11–9–715 and section 11–9–716 should be read in conjunction. *See International Paper Co. v. McBride,* 12 Ark.App. 400, 678 S.W.2d 375 (1984) (holding that the legislature intended section 11–9–716 and section 11–9–715 to be read in conjunction with one another and saw no conflict between the two statutes; the legislature felt strongly that the Commission should be able to award lump-sum attorney's fees). The language of section 11–9–716 is not limited to employers; it does not mention employers or any other respondent by name. Rather, the statute only indicates that the Commission is authorized to approve lump-sum attorney fees. We hold that the statute includes attorney fees owed by the Second Injury Fund. Therefore, pursuant to Arkansas Code Annotated section 11–9–716, claimant's attorney is entitled to a lump-sum attorney fee for legal services owed to him by the Second Injury Fund.

Both the Commission and appellee cite to *Furman v. Second Injury Fund,* 336 Ark. 10, 983 S.W.2d 923 (1999). The court in *Furman* held that a claimant could not recover attorney fees after prevailing on appeal against the Second Injury Fund in the absence of express statutory authority. We conclude that the holding in *Furman* does not control the issue presented in this case. In *Furman* the court was addressing a different statutory section—namely Ark.Code Ann. § 11–9–715(b)(1)—and the holding applied to recovery of attorney

fees *after* prevailing on appeal to this court. Here, the issue is the availability of lump-sum fees for an attorney's work in the proceedings before the ALJ and the Commission.

Pursuant to the statutory authority discussed above, we find that the Commission can award a lump-sum attorney fee from the Second Injury Fund in this case. Therefore, we reverse and remand for the Commission to enter an opinion in accord with this opinion.

Reversed and remanded.

BIRD and MARSHALL, JJ., agree.