2009 Ark. App. 93

Lynn **BURKETT**, Appellant,

v.

**EXXON TIGER MART, INC.** and **American Home Assurance Co.,** Appellees.

No. CA 08–741.

Court of Appeals of Arkansas.

Feb. 18, 2009.

Walker, Shock & Harp, PLLC, by: J. Randolph Shock, Fort Smith, for appellant.

Laser Law Firm, P.A., by: Frank B. Newell, Little Rock, for appellees.

LARRY D. VAUGHT, Chief Judge.

Appellant Lynn Burkett appeals the decision of the Workers' Compensation Commission vacating the opinion of the Administrative Law Judge that ordered an independent medical examination (IME) and reserved the issues of compensability and additional benefits. The Commission further found that Burkett failed to meet her burden of proving that reflex sympathetic dystrophy (RSD) was a compensable consequence of her compensable right-hand injury. Burkett raises four issues on appeal: (1) the Commission erred in determining that the ALJ had no authority to order an IME; (2) the Commission erred in determining issues that had been reserved by the ALJ; (3) the Commission erred in failing to make findings of fact before it denied the claim; and (4) the Commission's denial of the claim is not supported by substantial evidence. We affirm in part and reverse and remand in part.

On July 15, 2006, Burkett, an employee of appellee Exxon Tiger Mart, Inc., was asked by her assistant manager to change the gas prices on the sign in front of the station. Burkett used a flexible extension rod with a suction cup on the end to remove and replace the numbers. While performing this task, one of the numbers (consisting of thin plastic, measuring one foot by one-and-a-half feet, and weighing approximately two ounces) fell twenty to twenty-five feet and struck the top of her right hand. Burkett immediately felt pain, reported the incident to Tiger Mart, and sought medical treatment. This incident was accepted as compensable by Tiger Mart and initial benefits were paid to Burkett.

At the emergency room, Burkett was diagnosed with a right-hand contusion. Four days later, on referral from the emergency room, Burkett was seen by Dr. Robert May. Dr. May noted a lack of objective findings of an injury to Burkett's right hand; however, he diagnosed RSD based on her complaints of pain. At the request of Tiger Mart, Burkett was seen by Dr. David Rhodes on August 10, 2006. He recommended a triple-phase bone scan, the results of which failed to support the presence of RSD. On August 21, 2006, Dr. Rhodes's physical examination of Burkett failed to demonstrate objective findings supporting RSD.

In late August 2006, Burkett was seen by Dr. Michael Westbrook, who noted swelling in her right hand and stated that tendinitis or carpal tunnel syndrome were possible diagnoses. Thereafter, Burkett returned to the emergency room for treatment, where the physician noted swelling and redness in her right hand. He suspected cellulitis. Burkett returned to Dr. Westbrook with continued complaints, and he noted that her right hand was warm and swollen. He diagnosed cellulitis and possible RSD. He referred her to Dr. James E. Kelly, who diagnosed Burkett with RSD and recommended "fairly aggressive treatment."

When Tiger Mart denied the RSD treatment recommended by Dr. Kelly, Burkett filed a claim with the Commission. She sought the determination that her RSD was a compensable consequence of her compensable injury and that she was entitled to additional benefits. After a hearing on these issues, the ALJ issued an opinion wherein he stated:

I am concerned about the discrepancies in the objective findings that formed the basis for the diagnosis of RSD.... After consideration of all the evidence presented, it is my opinion that to insure a fair and just result to all parties concerned, the claimant should be evaluated for her hand complaints by a qualified medical doctor that specializes solely in injuries and conditions involving the hand, including RSD.

After ordering an IME, the ALJ reserved the issues of compensability and additional benefits.

Tiger Mart appealed, and the Commission reversed the ALJ's opinion. The Commission found that while the ALJ had the authority to order an IME under Arkansas Code Annotated section 11–9–511(a), it was inappropriate to exercise that authority once the parties actually presented their case. The Commission vacated the ALJ's order for the IME and further found that "the claimant has failed to prove by a preponderance of the evidence that she has developed [RSD] for which she is entitled to additional medical and indemnity benefits." Burkett timely appealed from the Commission's decision.

The first point raised by Burkett is that the Commission erred in determining that the ALJ had no authority to order an IME. She argues that authority to order an IME was granted to the ALJ pursuant to Arkansas Code Annotated sections 11–9–511(a) (Repl.2002) and 11–9–811 (Repl. 2002).[1] The ALJ did not cite either sec-

---

1.  Section 11–9–511(a) provides:
    An injured employee claiming to be entitled to compensation shall submit to such physical examination and treatment by another qualified physician, designated or approved by the Workers' Compensation Commission, as the commission may re-quire from time to time if reasonable and necessary.
    Arkansas Code Annotated section 11–9–811 provides:
    Upon its own initiative at any time where compensation payments are being made without an award, the Workers' Compensa-

tion 11–9–511 or 11–9–811 as authority for ordering the IME. The Commission only referred to section 11–9–511 in its decision. It acknowledged that section 11–9–511(a) authorized the Commission to direct a claimant to submit to a physical examination. However, it found that it was inappropriate to exercise that authority after the parties had already litigated their case.

We do not interfere with the actions of the Commission unless we find that it has acted without or in excess of its authority. *Gencorp Polymer Prod. v. Landers*, 36 Ark.App. 190, 820 S.W.2d 475 (1991). To determine whether the Commission erred in finding that ⌊5the ALJ exceeded his authority, we must interpret the applicable workers' compensation statutes. We review issues of statutory construction de novo, as it is for this court to decide what a statute means. *Lewis v. Auto Parts & Tire Co., Inc.*, 104 Ark.App. 230, 290 S.W.3d 37 (2008).

The plain language of sections 11–9–511(a) and 11–9–811 does not authorize the Commission to, sua sponte, order an IME after the parties have litigated compensability and additional benefits. These statutes do not give the Commission authority to reserve making determinations on compensability and additional benefits when those were the only issues litigated by the parties.[2] As such, we hold that the Commission did not err in finding that the ALJ exceeded his authority when he ordered an IME.

We further hold that the Commission, in vacating the law judge's IME order, properly relied upon our holding in *Landers*. There, the ALJ and Commission reserved the issue of the claimant's entitlement to temporary indemnity benefits, finding that the record was not sufficiently complete to allow a determination that would be fair and just to all parties concerned. There, we stated:

It is the duty of the Workers' Compensation Commission to translate the evidence on all issues before it into findings of fact. *Sanyo Manufacturing Corporation v. Leisure*, 12 Ark.App. 274, 675 S.W.2d 841 (1984). The Commission's statutory obligation is to make specific findings of fact and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence. *White v. Air Systems, Inc.*, 33 Ark.App. 56, 800 S.W.2d 726 (1990); Ark.Code Ann. § 11–9–705(a)(3) (1987). . . .

⌊6Ark.Code Ann. § 11–9–705(c)(1) provides that all evidence shall be presented to the Commission at the initial hearing on the controverted claim. The burden of proving a case beyond speculation and conjecture is on the claimant. *Bragg* [*v. Evans–St. Clair, Inc.*], *supra* [15 Ark. App. 53, 688 S.W.2d 956 (1985) ]; 3 Arthur Larson, *The Law of Workmen's Compensation*, § 80.33(a) (1952).

---

tion Commission may and in any case where the right to compensation has been controverted or where payments of compensation have been suspended, or where an employer seeks to suspend payments made under an award, or on application of an interested party, the commission shall make such investigation, cause such medical examination to be made, hold such hearings, and take such further action as

the commission deems proper for the protection of the rights of all parties.

2. We note that neither party at the hearing before the law judge requested relief under sections 11–9–511 or 11–9–811. As such, no evidence was presented in favor of or against the appropriateness of an IME. To the contrary, the only evidence presented by the parties related to the issues of compensability and additional benefits.

By reserving the issue of whether the appellee was entitled to temporary total disability benefits for the period from February to June 1989, the Commission simply declined to say that the appellee failed to meet her burden of proof on this issue. This constitutes error on the part of the Commission as our workers' compensation statute states that the evidence shall be weighed impartially, and without giving the benefit of the doubt to any party. Ark.Code Ann. § 11–9–704(c)(4). The Commission has allowed the appellee a "second bite at the apple" by giving her another opportunity to present evidence substantial enough to carry her burden. Though we do not interfere with the actions of the Commission unless we find it has acted without or in excess of its authority, *Allen Canning Company v. McReynolds*, 5 Ark.App. 78, 632 S.W.2d 450 (1982), disregarding its duty to find the facts in order to give the appellee the benefit of the doubt is not within the Commission's authority.

*Landers*, 36 Ark.App. at 194–95, 820 S.W.2d at 477–78. Based on *Landers*, the Commission in the instant case found that the ALJ abused his discretion by ordering the IME and reserving a decision on the issues the parties litigated.

█ *Landers* supports the Commission's decision to vacate the IME ordered by the ALJ. In this case, it was the statutory obligation of the Commission to make findings of fact and to decide the issues of compensability and additional benefits by determining whether Burkett met her burden of proof. *Landers, supra.* Here, the ALJ failed to perform these duties when he reserved the issues and ordered the IME. As such, the Commission was correct in finding that this constituted error.

Burkett insists that her case is distinguishable from *Landers*. She argues that the ALJ in her case had statutory authority to order the IME, which had the effect of reserving a ┃₇decision on the merits, whereas the Commission in *Landers* did not. First, we are mindful that the ALJ did not rely upon statutory authority in ordering the IME. Nevertheless, under the particular facts of this case, sections 11–9–511 and 11–9–811 did not extend authority to the ALJ to order the IME. Because the Commission properly relied upon *Landers* in concluding that the ALJ exceeded his authority in ordering the IME and reserving the meritorious issues, we affirm the Commission on this point.

█ Burkett next argues that the Commission erred in determining issues that had been reserved by the ALJ. The Commission hears workers' compensation claims de novo. *Amaya v. Newberry's 3N Mill*, 102 Ark.App. 119, 282 S.W.3d 269 (2008). It is the Commission's statutory obligation to make specific findings of fact and to decide the issues presented to it by determining whether the party having the burden of proof has established it by a preponderance of the evidence. *Landers, supra.* Therefore, once the Commission reversed the decision of the ALJ, it had the statutory obligation to determine the issues that the parties litigated. Accordingly, we affirm on this point.

█ The third point raised by Burkett is that the Commission did not satisfy its duty to make findings of fact before it denied her claim. While the Commission had the obligation to determine the issues litigated below, we hold that the Commission failed to fulfill its duty in this case. After the Commission vacated the ALJ's opinion ordering the IME, it summarily found that "the claimant has failed to prove by a preponderance of the evidence that she has developed [RSD] for which she is entitled to additional medical and indemnity benefits." Neither the Commission nor the ALJ made any factual find-

ings on the issues presented and litigated by the parties.

A determination of the issues in this case is solely within the province of the Commission as fact finder. *Bagwell v. Falcon Jet Corp.,* 8 Ark.App. 192, 649 S.W.2d 841 (1983). It is beyond the power of an appellate court to make findings of fact. *Id.* As such, we reverse the Commission's denial of Burkett's claim and remand the case to the Commission for a determination, based upon factual findings, of the issues that were litigated by the parties below.

Burkett's fourth and final point is that substantial evidence fails to support the Commission's denial of her claim. Because we are reversing and remanding this case to the Commission for a decision on compensability and additional benefits, we do not reach the merits of this point.

Affirmed in part; reversed and remanded in part.

GLADWIN and KINARD, JJ., agree.