2009 Ark. App. 292

**Susan E. CURTIS, Appellant,**

v.

**BIG LOTS and Sentry Insurance Co., Appellees.**

**No. CA 08–691.**

Court of Appeals of Arkansas.

April 15, 2009.

Rehearing Denied April 21, 2010.

**38**

Walker, Shock & Harp, PLLC, by: J. Randolph Shock, Fort Smith, for appellant.

Barber, McCaskill, Jones & Hale, P.A., by: Michael Lee Wright, Little Rock, for appellees.

KAREN R. BAKER, Judge.

Appellant Susan E. Curtis appeals from a decision by the Workers' Compensation Commission reversing the Administrative Law Judge (ALJ) and finding that she failed to meet her burden of proof that she was entitled to additional medical treatment and that her claim was barred by the statute of limitations. On appeal, she argues that the evidence was insufficient to support the Commission's decision, and therefore, it must be reversed. Appellees, Big Lots and Sentry Insurance Company, claim that the statute of limitations bars appellant's claim. Appellant's argument is well taken. Accordingly, we reverse and remand for an award of benefits.

Appellant began working as an assistant manager for Big Lots in 2000. On August 8, 2002, she suffered an admittedly compensable work related injury to her neck, left shoulder, arm, and hand and medical treatment was provided. Appellees accepted a nine percent impairment to the whole body and structured a payment schedule for that impairment. The last payment by appellees was in November 2005. A claim for additional benefits was filed on May 12, 2003. An agreed order entered in November 2003 awarded benefits including treatment from Dr. McGraw and his referral to Dr. Standefer. Appellant underwent surgery on her neck in December 2004 performed by Dr. Standefer, and appellees compensated her for her time off work. She returned to work in February 2005 and continued to work for Big Lots. Dr. Standefer released her from his treatment on June 28, 2005, and his report indicates that she was still experiencing some pain as a result of her neck injury. He also recommended that appellant avoid repetitive flexion and extension of the neck if possible.

Among the limitations that appellant testified she experiences is that she cannot work with her arms out in front of her or her head down for a long period of time. Appellant explained her understanding that her impairment was a life-long condition, that at some time in the future the plate in her neck would likely need to be surgically removed, and that the only aspect of her condition that the neck surgery addressed was the pain and tingling down her arm and into all of her fingers. She further described the pervasiveness of her pain and said that if she does paperwork for any amount of time, she begins to have problems. Appellant also discussed her understanding that her access to Dr. Standefer was available to her as needed.

On May 24, 2006, she refilled a prescription from Dr. Standefer for Flexeril, a pain reliever and muscle relaxer prescribed to address her neck discomfort. The workers' compensation insurance carrier paid the prescription bill. Appellant scheduled an appointment with Dr. Standefer on March 27, 2007, because she was experiencing pain down her arm, tingling in her hand, and pain in her neck. She described the return of the pain as if all of her symptoms were coming back. The morning of the appointment, she was notified that it was canceled because the workers' compensation case had been closed. She hired an attorney, secured an appointment with Dr. Standefer on her own, and

at the time of the hearing was undergoing physical therapy and was scheduled to return to see Dr. Standefer.

■ Our workers' compensation law provides that an employer shall provide the medical services that are reasonably necessary in connection with the injury received by the employee. Ark.Code Ann. § 11–9–508(a) (Supp.2007); *Bohannon v. Walmart Stores, Inc.,* 102 Ark.App. 37, 279 S.W.3d 502 (2008). The employee has the burden of proving by a preponderance of the evidence that medical treatment is reasonable and necessary. *Id.* What constitutes reasonably necessary medical treatment is a question to be determined by the Commission. *Id.*

When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Liaromatis v. Baxter County Reg'l Hosp.,* 95 Ark.App. 296, 236 S.W.3d 524 (2006) (citing *Clark v. Peabody Testing Serv.,* 265 Ark. 489, 579 S.W.2d 360 (1979); *Crossett Sch. Dist. v. Gourley,* 50 Ark.App. 1, 899 S.W.2d 482 (1995)). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.,* 44 Ark.App. 5, 864 S.W.2d 871 (1993). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; even if a preponderance of the evidence might indicate a contrary result, if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *St. Vincent Infirmary Med. Ctr. v. Brown,* 53 Ark.App. 30, 917 S.W.2d 550 (1996). The Commission is required to weigh the evidence impartially without giving the benefit of the doubt to any party.

*Keller v. L.A. Darling Fixtures,* 40 Ark. App. 94, 845 S.W.2d 15 (1992).

■ While we defer to the Commission's factual determinations, we review issues of statutory construction de novo because it is this court's duty to decide what a statute means. *See Johnson v. Bonds Fertilizer, Inc.,* 365 Ark. 133, 226 S.W.3d 753 (2006) (citing *MacSteel v. Ark. Okla. Gas Corp.,* 363 Ark. 22, 210 S.W.3d 878 (2005)). Arkansas Code Annotated section 11–9–704(c) (Repl.2002) requires that we construe workers' compensation statutes strictly. Strict construction requires that nothing be taken as intended that is not clearly expressed, and the doctrine requires that the plain meaning of the language be employed. *Lewis v. Auto Parts & Tire Co., Inc.,* 104 Ark.App. 230, 290 S.W.3d 37 (2008). The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Id.* When a statute is clear, however, it is given its plain meaning, and the appellate court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The statute should be construed so that no word is left void, superfluous, or insignificant, and meaning and effect must be given to every word in the statute if possible. *Id.*

■ While the running of the statute of limitations is largely a question of fact, *Taylor v. Producers Rice Mill, Inc.,* 89 Ark.App. 327, 329, 202 S.W.3d 565, 567

(2005), in this case the Commission's misinterpretation of the statute resulted in its erroneous conclusion that the statute barred appellant's claim. The statute of limitations for additional benefits provides as follows:

> (1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

Ark.Code Ann. § 11–9–702(b)(1) (Supp. 2007).

Appellant sustained a compensable injury on August 8, 2002. She filed a claim for additional benefits on May 12, 2003, within one year from the date of injury. Appellees argued, and the Commission agreed, that appellant's "May 12, 2003 request for additional benefits 'was adjudicated and resolved' by effect of the November 3, 2003 Agreed Order." While dismissal of a claim pursuant to section 11–9–702(d) of Arkansas Code Annotated has been ruled to "untoll" the statute of limitations, *Dillard v. Benton County Sheriff's Office*, 87 Ark.App. 379, 192 S.W.3d 287 (2004), the court's holding in *Dillard* was specifically limited to cases dismissed pursuant to subsection (d). This provision requires dismissal when the claim is not pursued through the request of a hearing:

> (d) If within six (6) months after the filing of a claim for additional compensation no bona fide request for a hearing has been made with respect to the claim, the claim may, upon motion and after hearing, if necessary, be dismissed without prejudice to the refiling of the claim within the limitation period specified in subsection (b) of this section.

Ark.Code Ann. § 11–9–702(d) (Supp.2007). This case was never dismissed pursuant to subsection (d). In fact, the agreed order memorializes the reason for the hearing not being held on the scheduled date and grants a continuing award of benefits, which included the referral to Dr. Standefer.

The Commission reasoned that the timely filing of a claim for additional benefits tolls the statute of limitations until the claim is decided, citing *Arkansas Power & Light Co. v. Giles*, 20 Ark.App. 154, 725 S.W.2d 583 (1987). In *Giles*, the court reversed the denial of benefits based upon a statute of limitations focusing on the nature of the request:

> In cases where the compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is greater.
>
> Thus, the A–7 filed thirteen months after the last payment of compensation is clearly outside the statute of limitations. However, the A–7 form filed in December, 1982, will toll the running of the statute if that filing constituted a request for additional benefits. *See, Sisney v. Leisure Lodges, Inc.*, 17 Ark.App. 96, 704 S.W.2d 173 (1986); *Bledsoe v. Georgia–Pacific Corp.*, 12 Ark.App. 293, 675 S.W.2d 849 (1984). We find that it did.

In *Sisney, supra*, we held that the claimant's timely filing for rehabilitation benefits and additional permanent disability payments also tolled the statute for her later requested additional medical benefits. In that case we stated:

> To draw distinctions between, on the one hand, additional rehabilitation and permanent disability benefits, and on the

other, additional medical benefits, as the Commission majority has done, is to invoke a measure of precision uncalled for by the broad language of the statute and unsupported by the case law of this state.

*Giles,* 20 Ark.App. at 156, 725 S.W.2d at 584–85.

█ Similarly, the Commission's conclusion that the entry of the agreed order resolved the request for additional benefits and effectively adjudicated the May 12, 2003 claim for additional benefits ignores the language of the statute allowing for an injured employee to pursue additional benefits when the need indisputably arises within the statutory framework. To be a final adjudication, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Erwin v. Riverside Furniture Corp.,* 97 Ark. App. 42, 244 S.W.3d 14 (2006). ⌊8The Commission's denial of benefits and its simultaneous determination that the agreed order allowing appellant to pursue additional medical treatment with the referral to Dr. Standefer was a final adjudication cannot be reconciled with the finality requirements. Either the extent of Dr. Standefer's treatment was left open to determine the extent of compensability or all subsequent treatment was determined to be compensable.

We agree with appellant's observation that if the Commission viewed the November 3, 2003 agreed order as constituting a final award with regard to the May 12, 2003 claim for additional benefits, then the Commission should have viewed her subsequent claim as an action to enforce the earlier agreed order to provide what appellees have admitted are reasonable and necessary medical benefits by the authorized treating physician, Dr. Standefer.

Accordingly, we reverse and remand to the Commission for an award of benefits and action consistent with this opinion.

Reversed and remanded.

PITTMAN and GRUBER, JJ., agree.