Cite as 2024 Ark. App. 547

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-709

| | |
|---|---|
| LEAF HOME SOLUTIONS AND PMA MANAGEMENT GROUP<br><br>APPELLANTS<br><br>V.<br><br>JOHN KUNKEL<br><br>APPELLEE | Opinion Delivered November 6, 2024<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. H008920]<br><br><br>AFFIRMED; MOTION TO DISMISS DENIED |

**RITA W. GRUBER, Judge**

Leaf Home Solutions and PMA Management Group appeal the August 29, 2023 decision of the Arkansas Worker's Compensation Commission denying their request that appellee John Kunkel be compelled to undergo a functional capacity evaluation (FCE). Appellants raise two points on appeal: (1) the Commission had authority to order Kunkel to submit to an FCE; and (2) given Kunkel's claims of impairment, an FCE was reasonable and necessary to assess that claim. After the case was fully briefed, Kunkel moved to dismiss, arguing that we lack jurisdiction to adjudicate the case on its merits. We deny the motion to dismiss, and we affirm.

I. *Background*

Kunkel, an employee of Leaf Home, sustained a work-related injury to his left ankle on November 2, 2020. Appellants accepted the claim as compensable and paid both medical

and temporary total disability (TTD) benefits. Kunkel was initially treated from November 2020 through March 2021 by orthopedic surgeon Dr. Phillip Smith. During that time, Dr. Smith ordered Kunkel to undergo an FCE. The FCE was performed in March 2021 and determined to be unreliable. Thereafter, Dr. Smith opined that Kunkel had reached maximum medical improvement (MMI) and released him.

Pursuant to Kunkel's change-of-physician request, Dr. Gregory Ardoin assumed Kunkel's care and treatment. On February 1, 2022, Dr. Ardoin performed an arthroscopic surgery on Kunkel's left ankle, after which Kunkel underwent cortisone injections and physical therapy. Dr. Ardoin opined that Kunkel had reached MMI as of November 14, 2022, and released him with the following work restrictions: avoid uneven ground—no stooping, ladder climbing, or crawling; and no pushing, pulling, or lifting more than fifteen pounds. Dr. Ardoin also assessed three separate permanent anatomical-impairment ratings: 8 percent whole person; 20 percent left lower extremity; and 28 percent left foot.

On April 12, 2023, appellants moved to compel Kunkel to undergo an FCE. The motion set out that Kunkel was "requesting benefits under § 505" but had refused appellants' repeated requests that he submit to a postoperative FCE. Appellants argued that the FCE was necessary "to objectively assess and validate future recommended physical restrictions."

Kunkel responded to the motion to compel on April 14. Kunkel contended that appellants' request should be denied because it was not supported by the facts or law, and it was not reasonable or necessary. Kunkel further contended that his current restrictions were

2

provided by a board-certified fellowship-trained orthopedic foot-and-ankle specialist—Dr. Ardoin—who had neither recommended nor requested an FCE. Kunkel emphasized that appellants were not requesting that an independent medical examination (IME) be performed by another physician pursuant to Arkansas Code Annotated section 11-9-511 (Repl. 2012), but an FCE, which he contended would likely be performed by a physical therapist.

An April 18, 2022 prehearing order reflects in relevant part that the parties waived a hearing and stipulated that the issue for the administrative law judge (ALJ) to determine was whether Kunkel must submit himself for and undergo an FCE at appellants' request for the purposes of determining Kunkel's physical limitations and restrictions, if any.

On May 1, 2023, appellants submitted a letter to the assigned ALJ explaining that they were seeking the FCE for the purpose of providing the Commission with potentially relevant evidence bearing on both impairment and physical restrictions. Appellants further explained that they were neither challenging Dr. Ardoin's medical qualifications nor the propriety of future medical treatment.

On May 17, 2023, the ALJ issued his opinion and order granting appellants' motion to compel. The ALJ set out that it was well settled that the Commission may require a claimant to submit to such examinations as may be necessary to assist the trier of fact in determining the extent of a claimant's permanent impairment as well as his entitlement to wage-loss disability benefits. The ALJ further opined that because Kunkel was requesting section 505 benefits, and the impairment ratings Dr. Ardoin assigned were conclusory and

lacked an explanation for their basis, the additional information that an FCE could provide would be beneficial to all for the purpose of determining the extent of Kunkel's impairment and restrictions and therefore what type of jobs he would be able to perform.

On May 18, Kunkel petitioned for review by the full Commission, requesting that the ALJ's opinion be reversed. On August 29, the full Commission entered an opinion and order reversing and vacating the ALJ's opinion. The opinion set out the history of the case and emphasized that the record was minimal. The Commission opined that neither of the two cases cited by the ALJ in support of his decision, *North Hills Surgery Center v. Otis*, 2021 Ark. App. 468, 638 S.W.3d 323, and *Eldridge v. Pace Industries, LLC*, 2021 Ark. App. 245, 625 S.W.3d 734, could be interpreted as authorizing the ALJ to compel Kunkel to undergo an FCE at Functional Testing Centers, Inc., at the sole request of the respondent.

Appellants appealed to this court, requesting that the Commission's decision be reversed and that this matter be remanded with instructions to the Commission to order Kunkel to submit to an FCE. Thereafter, Kunkel filed a motion to dismiss the appeal, asserting that this court does not have jurisdiction to hear the appeal. Appellants responded, objecting to the dismissal of the appeal and urging this court to hear the appeal on its merits.

II. *Standard of Review*

We do not interfere with the actions of the Commission unless we find that it has acted without or in excess of its authority. *Burkett v. Exxon Tiger Mart, Inc.*, 2009 Ark. App. 93, at 4, 304 S.W.3d 2, 5. To determine whether the Commission erred in finding that the ALJ exceeded his authority, we must interpret the applicable workers'-compensation statutes.

4

*Id.* at 4–5, 304 S.W.3d at 5. We review issues of statutory construction de novo because it is for this court to decide what a statute means. *Id.* at 5, 304 S.W.3d at 5.

### III.  *Motion to Dismiss*

Kunkel moved to dismiss, asserting that this court does not have jurisdiction to hear the appeal. He argues that the appeal is impermissibly interlocutory in nature because the order at issue constitutes a decision on an incidental matter and neither awards nor denies compensation. Thus, in his view, it lacks finality.

Appeals from the Commission to this court shall be allowed as in other civil actions. Ark. Code Ann. § 11-9-711(b)(2) (Repl. 2012); *TEC & Com. Union Ins. Cos. v. Falkner*, 38 Ark. App. 13, 14, 827 S.W.2d 661, 662 (1992). Ordinarily, an order of the Commission is reviewable only at the point where it awards or denies compensation; interlocutory decisions and decisions on incidental matters are not reviewable for lack of finality. *Id.* However, appealable orders of the Commission are not limited to those that make a final disposition of an entire case. *Am. Mut. Ins. Co. v. Argonaut Ins. Co.*, 33 Ark. App. 82, 84, 801 S.W.2d 55, 56 (1991). We have held that the test for determining whether a Commission order is appealable is whether it puts the Commission's directive into execution, ending the litigation or a separable part of it. *Id.*

Kunkel argues that pursuant to *Argonaut*, *supra*, and *Falkner*, *supra*, the Commission's decision in this case is not reviewable. In *Argonaut*, the Commission order on appeal to this court reversed the ALJ decision and remanded the case to the ALJ to determine the claimant's appropriate wage rate at the time of the injury. 33 Ark. App. at 83, 801 S.W.2d

at 56. Our court held that an order that establishes a party's right to recover but remands for a determination of the amount of benefits to be awarded was not a final order and dismissed the appeal. *Id.* In *Falkner*, the claimant petitioned for a change of physician, and the Commission directed that the claimant first undergo an IME. 38 Ark. App. 13, 827 S.W.2d 661. The insurer appealed. *Id.* We concluded that the Commission's order was "interlocutory in nature" because no final determination had been made regarding the claimant's change-of-physician petition or the extent of her permanent disability—decisions that had been specifically reserved by the Commission. *Id.*

Appellants responded that the order on appeal is final pursuant to *Argonaut* because it ended a "separable part" of the case. Appellants pointed out that our appellate courts have reviewed Commission decisions on the issue of FCEs before the question of benefits was finally determined, citing *Gansky v. Hi-Tech Engineering*, 325 Ark. 163, 924 S.W.2d 790 (1996), as an example. In *Gansky*, the ALJ ordered the respondent to pay the cost of the FCE and specifically reserved ruling on the claimant's entitlement to TTD benefits. *Id.* at 167, 924 S.W.2d at 793. The Commission reversed the ALJ, determining that the claimant had failed to prove that further medical treatment was reasonable and necessary; thus, he was not entitled to TTD benefits. *Id.* at 168, 924 S.W.2d at 793. Our supreme court reversed and remanded the case to the Commission, directing it to determine whether payment of additional benefits was warranted and order the respondent to pay the FCE costs. *Id.* at 170, 924 S.W.2d at 795. There was no discussion regarding the finality of the order on appeal or the court's jurisdiction.

6

Similarly, in *Crowley v. McKee Foods*, No. CA04-125, 2004 WL 2397831, at *1 (Ark. Ct. App. Oct. 27, 2004) (unpublished), the claimant requested an FCE. *Id.* The ALJ concluded that the claimant had failed to prove her entitlement to an FCE, and the Commission adopted the ALJ's opinion. *Id.* On appeal to this court, the issue was whether the claimant was entitled to an FCE for the purpose of assessing her permanent impairment when the claimant's treating physician had already opined that she had no permanent impairment. *Id.* We affirmed with no discussion regarding the finality of the order on appeal or the court's jurisdiction. *Id.*

This case is more akin to *Gansky* and *Crowley* than *Argonaut* and *Falkner*. Here, the Commission vacated the ALJ's order compelling the claimant to undergo an FCE. Like *Gansky* and *Crowley*, we are being asked to determine whether an FCE is warranted. The order on appeal did not reserve any issue or remand for any further proceedings, as was the case in both *Argonaut* and *Falkner*. The record before us contains limited medical evidence, no record testimony, no award or denial of benefits by an ALJ or the full Commission, and no request by Kunkel for additional medical treatment or benefits. Appellants accepted the claim as compensable and paid medical and TTD benefits. Dr. Ardoin determined that Kunkel had reached MMI, was subject to certain work restrictions, and assessed three impairment ratings. Appellants were clear that they were neither challenging Dr. Ardoin's medical qualifications nor the propriety of future medical treatment. Nothing before us indicates that there is anything left to resolve or any further action contemplated by the order

7

on appeal. Thus, we have jurisdiction to address the merits of the case. Accordingly, we deny the motion to dismiss.

IV. *Merits*

Appellants first contend that the Commission erred in ruling that the ALJ had no authority to order Kunkel to submit to an FCE. Appellants argue that an FCE qualifies as both a physical examination, citing *Logan County v. McDonald*, 90 Ark. App. 409, 417, 206 S.W.3d 258, 263 (2005), and as medical treatment, citing *Gansky*. Appellants then argue that because an FCE constitutes a physical examination and medical treatment, the Commission had the authority to order Kunkel to submit to an FCE pursuant to section 11-9-511(a). Appellants also emphasize that Kunkel's first physician did order an FCE and argue that to the extent that a request from a physician is required to trigger the Commission's authority to require an FCE, such a request was made.

Arkansas Code Annotated section 11-9-704(c)(3) requires that we construe workers'-compensation statutes strictly. Strict construction requires that nothing be taken as intended that is not clearly expressed. *Lewis v. Calfrac Well Servs. Corp.*, 2015 Ark. App. 141, at 5, 457 S.W.3d 313, 316. When the language of a statute is clear, it is given its plain meaning. *Id.* In that circumstance, we construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* In deciding what a statute means, the interpretation of a statute by the agency charged with its execution is highly persuasive and, while not binding on this court, will not be overturned unless it is clearly wrong. *Id.* at 6, 457 S.W.3d at 317.

8

The plain language of section 11-9-511(a) does not authorize the Commission to compel the claimant to undergo an FCE at the sole request of the respondent. Section 511(a) provides that a claimant "shall submit to such physical examination and treatment by another qualified physician, designated or approved by the Workers' Compensation Commission, as the commission may require from time to time if reasonable and necessary." Section 511—the authority upon which appellants rely—permits an examination and treatment by a physician. Appellants were not requesting an IME by a physician; rather, they were requesting an FCE by the Functional Testing Centers. Even if an FCE constitutes a physical examination or medical treatment as contemplated by section 511, the FCE was neither recommended nor requested by Kunkel's treating physician. Moreover, neither the ALJ nor the Commission requested the FCE or an IME. As to the FCE that had been requested by Kunkel's initial treating physician, it was completed and that physician was no longer treating Kunkel.

Appellants' interpretation of *Logan County*, *supra*, is overly broad. The issues in that case were not whether an FCE is a physical examination as contemplated by section 511 or whether the ALJ may compel the claimant to undergo an FCE at the sole request of the respondent. Appellants' reliance on *Gansky*, *supra*, is misplaced for the same reason. While the *Gansky* opinion does state, "The Administrative Law Judge appropriately delayed deciding whether Gansky had a temporary total disability until all the medical treatment, that is, the functional capacity assessment, was completed," this is, at best, dicta and not a

9

holding that an FCE constitutes medical treatment for purposes of section 511. *Gansky*, 325 Ark. at 170, 924 S.W.2d at 795.

Both cases cited by the ALJ in support of its decision to compel the FCE—*Otis*, *supra*, and *Eldridge*, *supra*—are also distinguishable. In *Otis*, the issues on appeal did not center on the ALJ's authority to compel an FCE at the respondent's request. And unlike here, the FCE was recommended by the treating physician, and the opinion does not reflect that the necessity of the FCE was disputed. Similarly in *Eldridge*, there is nothing in the opinion suggesting that the necessity of the FCE was disputed.

Appellants cite no authority and make no convincing argument for the proposition that Arkansas Code Annotated section 11-9-511 authorizes the ALJ to compel a claimant to undergo an FCE at the sole request of the employer where the treating physician has already released the patient as having reached MMI, made work-restriction recommendations, and assigned impairment ratings, and the record reflects no active dispute regarding such. Accordingly, we hold that the Commission did not err in finding that the ALJ exceeded his authority in granting appellants' motion to compel the FCE. Thus, it is not necessary to address appellants' second point on appeal regarding whether the FCE was reasonable and necessary.

Affirmed; motion to dismiss denied.

BARRETT and MURPHY, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Lee J. Muldrow* and *Gary D. Marts, Jr.*, for appellants.

*Caldwell Law Firm, P.A.*, by: *Andy L. Caldwell*, for appellee.